AMY LEITCH, Plaintiff, *v.* IRENE MULCAHY, Defendant.

Supreme Court, Special Term, New York County, December 2, 1941.

*Richard Wathen Condon*, for the plaintiff.

*Hayt & Hayt*, for the defendant.

KOCH, J. The question presented on this application is whether the two-year malpractice or the three-year negligence Statute of Limitations applies to a cause of action for injuries caused by the negligent administration of X-ray treatment by the defendant, an X-ray technician at the Roosevelt Hospital.

In *Monahan* v. *Devinny* (223 App. Div. 547) it was held that negligent treatment by a chiropractor, not licensed to practice medicine, came within the definition of practicing medicine contained in subdivision 7 of section 1250 of the Education Law and that, therefore, the two-year malpractice statute applied. The X-ray treatment administered by the present defendant also constitutes practicing medicine within the definition of that term contained in subdivision 7 of section 1250 of the Education Law, and there appears to be no valid distinction between the cited case and the instant one. Even in *Isenstein* v. *Malcomson* (227 App. Div. 66), where it was held that a nurse's negligence in placing a hot water container against the limbs of the plaintiff at a time when she was unconscious, did not constitute malpractice, Mr. Justice McAVOY, writing for the court, stated that the term " malpractice " " has been sued to indicate a corrupt or culpably incompetent practitioner of either law or medicine."

The court accordingly holds that the two-year Statute of Limitations is applicable in the present action and the motion to dismiss the complaint is, therefore, granted, with leave to serve an amended complaint for such damages as plaintiff may recover on the theory of breach of contract. (See *Monahan* v. *Devinny, supra.*)