■    GERHARD F. BECKHUSEN, Respondent, v. E. P. LAWSON COMPANY, Appellant.—

In that connection, we allude to the fact that upon a prior trial there was a verdict for plaintiff in the sum of $25,000, which the plaintiff did not move to set aside as inadequate and which was not assailed by plaintiff on cross appeal. (See 15 Am. Jur., Damages, § 208; 25 C. J. S., Damages, § 197, p. 914.) Secondly, prejudicial error was committed in permitting the jury to view an eight-millimeter, silent, color film of the cutting machine at which the accident occurred. The motion picture, taken some four years after the accident, does not show how the accident happened. In fact, its main feature seems to demonstrate that the machine could be operated by depressing the right handle without, at the same time, lifting the left handle. The accident happened, however, when the left-hand recess panel somehow came loose from its bolt, and, while ajar, the tongue or nose-like piece at the bottom of the right handle lever struck the top of the left door, causing the clutch to remain engaged and preventing the right handle from returning to its normal position. As a consequence the one-cycle operation was repeated and the blade descended again while plaintiff was removing the paper with his right hand. The motion picture does not show any repetition of the cycle of the machine because of the nose of the right handle lever striking the top of the left access door. Such a picture would be impossible because the corner of the left-hand door, that prevented the right handle lever from returning to its normal position, had been removed some time after the accident. Thus, the motion picture fails to show the condition complained of, and on the contrary, demonstrates conditions entirely different from those asserted to be involved in the accident. Unquestionably, the motion picture was improperly admitted in evidence and was prejudicial to defendant. Moreover, that prejudice was compounded when plaintiff's expert witness was interrogated with regard to the motion picture. Finally, because a new trial is being ordered for the reasons above stated, it becomes unnecessary to decide the troublesome question of whether the finding of the jury — that the faulty design of the machine and the failure to warn thereof was the proximate cause of the accident — was contrary to the weight of the credible evidence. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.