Jambs J. Fahey, J.
This is a motion brought on behalf of defendants Anna Wrenn and Michael Wrenn for a dismissal of the complaint for lack of jurisdiction.
*194 Article XVIII of the Insurance Law of the State of New York is entitled: “ Comprehensive Automobile Insurance Reparations Act ”, and the said act took effect and became the law of the State on February 1, 1974, and does apply to the use and operation of a motor vehicle in this State on and after the said February 1, 1974. 1
By stipulation, the accident occurred subsequent to February 1, 1974, the effective date of the Comprehensive Automobile Insurance Act, colloquially known as “No fault ”. Section 673 of the Insurance Law provides that: “ 1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
A covered person is defined by section 671 of the Insurance Law and includes among others the occupant of a motor vehicle, into which category the plaintiff herein falls.
A serious injury is defined by section 671 (subd. 4, pars. [a], [b]) of the Insurance Law, as a personal injury, “ (a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; permanent loss of use of a body organ, member, function or system; or (b) if the reasonable and customary services for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.”
In the original summons and complaint no allegation was made that the amount of medical bills exceeded $500 and the defendants denied the jurisdiction of this court.
Subsequently, an amended answer was caused to be served on the defendants in which were attached photostats of medical bills incurred by this plaintiff in the sum of $514, the amount of which there is no dispute.
On the argument of the motion to dismiss, attorney for the movant stated the amount of the bills to be conclusory and that for all he knew this plaintiff could have had a miscarriage or an appendectomy and that this court, in its discretion, should hold a hearing for the purpose of taking the testimony of the attending physician as to whether or not the services were necessary and the bill fair and reasonable. In effect, this procedure would make this court a trier of the fact as to the reason *195 ableness of the services and whether or not the treatments were causally related to the accident.
A careful reading, furthermore, of section 671 (subd. 4, pars. [a], [b]) of the Insurance Law, also states a personal injury, “ (a) which results in death; dismemberment; significant disfigurement ; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system ”, it would seem to this court it would also become a trier of the fact as to what is significant disfigurement. A scar of an inch on the face of the court’s 18-year-old daughter is a significant disfigurement. A one-inch scar on the face of the court is only a scar. This court does not believe that it could decide the question of fact as to whether a body organ has permanently-lost its function. For this reason this court is of the opinion that all these questions of fact should properly belong within the province of a jury and that a jury should decide these questions after proper instruction. And' if the jury finds that the amount of $500 in doctor bills is not the result of the accident pr is unreasonable or that the plaintiff has suffered no significant disfigurement or no loss of permanent use of a body organ, thén they would bring in a judgment in favor of the defendant.
Consequently, it is the order of this court that this matter proceed in accordance with the CPLR.
Motion to dismiss is denied.