Leon D. Lazer, J.
In this action to recover for personal injuries suffered in an automobile accident which occurred after the effective date of the Comprehensive Automobile Insurance Reparations Act (Insurance Law, art. XVIII; now firmly imbedded in legal jargon as the “ no-fault ” law), the defendants have pleaded as affirmative defenses: 1) improper service of .process; and 2) that the plaintiffs “ have failed to meet the requirements as set forth in Article 18 of the Insurance Law relating to the right to maintain an action at law. ’ ’ The plaintiffs have moved to dismiss both defenses, but the defendants resist the motion only insofar as it pertains to the second defense.
Section 671 (subd. 4, par. [b]) of me Insurance Law defines (in part) a ‘1 serious injury” as a personal injury in which 1 ‘ the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars. ’ ’ If the injury is not “ serious,” of course, the action may not lie (Insurance Law, § 671, subd. 1) and the defense is complete.
In their moving papers plaintiffs allege that the defendants’ insurance carrier has already reimbursed plaintiff Elias Greenblatt $1,991.63 for the cost of health services resulting from the accident. Therefore, they urge, the defense should be stricken. *437 Defendants do not deny that the payments were made, but simply assert that “ a plaintiff cannot seek to dismiss such an affirmative defense or vacate such denials at the pleading stage, since it would be premature. ’ ’
Although the moving papers refer to no section of the CPLE, it is plain that the motion is brought pursuant to CPLE 3211 (subd. [b]) which provides that “ A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit.” The section has been described as clarifying “ beyond doubt plaintiff’s right to move for disposition of jurisdictional defenses ahead of the trial ’ ’ (Homberger and Laufer, Appearance and Jurisdictional Motions in New York, 15 Buffalo L. Eev. 374, 405). The standard by which this motion must be decided is whether the defendants actually have a defense, not whether they have actually stated one (Kelly v. Bank of Buffalo, 32 A D 2d 875; 4 Weinstein-Korn-Miller, New York Civ. Prac., par. 3211.44). Possessed of considerable evidentiary material concerning the value of the health services charged to plaintiff Elias Greenblatt for treatment of his injuries, the defendants disclose nothing but simply stand on their unsupported position that the jurisdictional defense they have pleaded is unassailable prior to trial. This is arrant nonsense and the defense will be stricken.