Harold Hyman, J.
Plaintiffs move pursuant to CPLR 3211 (subd. [b]) to strike an affirmative defense and setoff asserted by defendants on the ground that a defense is not stated. The motion is one of first impression because the question involved is novel, requiring an interpretation of this State’s commonly called “ No-Fault Law ” (Insurance Law, art. XVIII; Comprehensive Automobile Insurance Reparations Act, eff. Feb. 1, 1974).
The question propounded, being, novel, is worthy of discussion and judicial clarification. In that respect it first requires an examination of the allegations pleaded in the complaint to determine the ultimate effect they may have upon the affirmative defense of setoff as pleaded, and with regard to which the motion herein has been made.
This action arises out of the following facts:
Plaintiff Howard Robinson, an infant under the age of 14 years, while a pedestrian on one of the streets in New York City was struck by an automobile owned by the corporate ¿defendant Sparta and operated by the individual defendant Skulnick.
The complaint alleges that: The infant plaintiff is a person covered by subdivision 10 of section 671 of the Insurance Law; he has sustained “ serious injury ” as a result of the occurrence as defined in subdivision 4 of section 671 of the Insurance Law; he has sustained economic loss greater than “ basic economic loss ”, as such is defined in subdivision 1 of section 671 of the Insurance Law; he has sustained a serious injury as above set forth in that “ the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-rays, prescription drugs and prosthetic services necessarily performed as a result of the injuries, exceed the sum of $500 ”, and, also, in that “ he has suffered a permanent loss of his body organ, member, function or system ”; that as a result of the foregoing, he has sustained pain and suffering and serious personal injuries causing him to become and remain sick, sore, lame and disabled to mind and body, ‘ ‘ requiring him to obtain hospital treatment for the said injuries, confining him to bed and home, compelling him to obtain medical attention for the said injuries * * * incapacitating him from attending to his usual duties and thereby depriving him of the benefits derived therefrom * * * which prevented him from enjoying the normal fruits of his activities, all resulting in substantial monetary expense and loss * * * plaintiff’s injuries or some of them, either in their nature or their effects are permanent and lasting, and *527 * * * may continué indefinitely into the future to suffer similar loss, expenses and disability, all to this plaintiff’s damage in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars.”
The infant plaintiff’s mother sues for loss of services as a second .cause of action, and she also claims that she “ was and will become obligated for medical and hospital services in an effort to minimize the effects of the injuries suffered by her son, [the infant plaintiff] all to her damage in the sum of Fifty Thousand ($50,000.00) Dollars.”
The answer of defendants: admits ownership, operation and control of the vehicle involved, and the contact o'f their vehicle with the infant plaintiff; but, thereafter, it denies all of the other material allegations of the complaint, and asserts “ An Affirmative Defense * * * in the form of set off with respect to any verdict which may be rendered against it herein and in diminution of damages there under awarded; any moneys heretofore or there after paid plaintiffs, or on behalf of plaintiffs, by it, for medical services or expenses relative to the occurrence herein alleged.”
Plaintiffs point out that article XVIII (§ 671, subd. 1, pars, [a], [b], [c]; '§ 671, .subd. 2) of the Insurance Law defines “ first party benefits” and ‘‘basic economic loss” and that such “ basic economic loss ” is up to $50,000 per person for all “ reasonable and necessary expenses incurred for: (i) medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical and occupational therapy and rehabilitation; (iii) any non-medical, remedial care and treatment [as therein specified]; and, (iv) any other professional health services; all without limitation as to time, provided that within one year after the date of the accident causing the injury, it is ascertainable that further expenses may be incurred as a result of the injury ”; and also for items set forth in section 671 (subd. 1, pars, [b], [c]), but subject to deductions under section 671 (subd. 2, pars, [a], [b], M).
At this point it is well to note certain other provisions of the Insurance Law in connection with this case, namely: subdivision 3 of section 671 which defines “ Non-economic loss ” to mean “ pain and suffering and similar nonmonetary detriment ”, and subdivision 10 of section 671, which defines “ Covered person ” to mean “ any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a *528 motor vehicle * * * or any other person entitled to first party benefits.”
It is thus observed that by legislative enactment the infant plaintiff in the instant matter is considered a “ Covered person [pedestrian] ” (Insurance Law, § 671, subd. 10), and that as such “ Covered person ” is entitled to receive from defendants “ first party benefits ” payment in his behalf or to him, for such items of “ basic economic loss ” sustained by him up to $50,000, and without limitation as to time, provided that ‘ ‘ within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury ” (Insurance Law, § 671, subd. 1, par. [a]; emphasis supplied) and to such other “ basic economic loss ” provided for and defined in section 671 (subd. 1, pars, [b], [c]) of the Insurance Law.
It is plaintiffs’ contention that subdivision 1 of section 673 of the Insurance Law definitively restricts a “ Covered person ” from recovering his “ basic economic loss ” in any action and, therefore, if he be proscribed from recovering such by verdict, that there is no concomitant obligation to refund ‘ ‘ any monies after a verdict has been rendered ” in his favor.
This court agrees with plaintiffs’ posture of the application of the law to the instant case, particularly in view of the allegations of this complaint.
In the instant matter, we have plaintiff’s claim that he suffered “ Serious injury ” within the purview of subdivision 4 ff section 671 of the Insurance Law, nut only under paragraph fa) because of a “ permanent loss of use of a body organ, member, function or system ”, but also because of having “ economic loss greater than basic economic loss ” as defined in subdivision 1 of section 671 of the Insurance Law because ‘ ‘ the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-rays, prescription drugs and prosthetic services necessarily performed [not only] exceed $500 ” but also exceed the statutory ($50,000) maximum, plus his claim for “ non-economic loss ”, i.e., “ pain and suffering ” sustained by him (Insurance Law, § 671, subd. 3). The infant plaintiff not only demands damages for “ non-economic loss ” (as defined), but also seeks damages for such “ basic economic loss ” as exceeds the statutory maximum.
Although subdivision 1 of section 673 of the Insurance Law specifically restricts a “ Covered person ” recovering from another “ Covered person ” (in this case, defendants) for personal injuries resulting in “ non-economic loss, except in the *529 case of a serious injury ” (Insurance Law, § 671, subd. 4, pars. [a] or [b]), or for “ basic economic loss ”, yet it does not proscribe any recovery for such greater economic loss to the extent or amount thereof which exceeds the statutory $50,000 maximum “ basic economic loss ”.
Mindful that the “ basic economic loss ” as prescribed by statute means “up to $50,000 ” (Insurance Law, § 671, subd. 1); and, further mindful that some who have written treatises as to the “ No-Fault Law ” of this State have taken the position that the maximum “ basic economic loss ” as “ first party benefits ” payable shall not exceed $50,000; and also that the terminology contained in section 671 (subd. 1, par. [a]) of the Insurance Law, which reads: “ all without limitation as to time, provided that within one year after the date of the accident * * * it is ascertained that further expenses may he incurred as a result .of the injury ” (emphasis supplied), means only as to extending the “ time ” of continued payment period beyond the year, but that it does not mean by the term “ further expenses ” any money above or beyond the $50,000 proscribed as to recovery (No-Fault Handbook — New York State — Continuing Legal Education Committee, New York State Trial Lawyers Association— [1974], pp. 16, 17; 7 Blashfield, Automobile Law and Practice, 1974 Pocket Part, § 275.50, p. 242 [Medical and Related Expenses]), this court comes now to the very heart of ■this complaint and the law applicable to the “ affirmative defense-set-off ” interposed.
Plaintiff infant’s “ basic economic loss ” ascertainable within the one year, as provided for by statute (Insurance Law, § 671, subd. 1) may come to a total of $50,000 which is the maximum allowable (Insurance Law, § 671, subd. 1) and to that maximum extent payment as “ first party benefits ” may continue for many years to come. The injury being one characterized by statute as “ serious ” (Insurance Law, § 671, subd. 4, pars, [a], [b] ), the infant plaintiff has therefore sued defendants for $250,000. In said amount he not only includes his “ basic economic loss ”, but also such economic loss which, he claims, exceeds the $50,000 maximum of such statutory ‘ ‘ basic economic loss ” and which is ascertainable within the year limitation through the means of competent proof and resulting from his present and projected future ascertainable permanent injuries, pain and suffering. The defendant is the very same person or corporation paying the plaintiff his “ basic economic loss ” and who is liable for payment thereof to the maximum ($50,000). The statute explicitly prohibits plaintiff’s recovery a second *530 time for the “ basic economic loss ”, up to the sum of $50,000 aggregate, other expenses in excess of $25 per day, loss of earnings capacity (the act is silent as to this element of damages), lost earnings after three years, and lost earnings over $1,000 per month. (No-Fault Handbook, p. 8.) Tet, although the statute permits plaintiff to plead the 11 basic economic loss ” and to prove it at the trial, such proof is limited only to the extent that it may be relevant to the proof of “ non-economic loss” (Insurance Law, § 673, subd. 3). Nevertheless, plaintiff has no right to recover the said “ basic economic loss ” up to $50,000 (Insurance Law, § 673, subd. 1).
Since infant plaintiff is not entitled 'to recover, in this litigation, his present or ascertainable projected “ basic economic loss up to $50,000 ”, any assertion of an affirmative defense or setoff against an item which plaintiff is proscribed from and therefore cannot himself recover cannot be considered a viable or good defense nr setoff for defendant’s recovery from plaintiff. Defendants’ said alleged affirmative defense and setoff is, as pleaded herein, therefore without merit and it is hereby dismissed.
What of the mother’s action for “ loss of services ” of her son and for “ her being obligated for medical and hospital services to minimize the effects of the infant plaintiff’s injuries ” for which she seeks damages? How is that action affected by our “ No-Fault Law ”? The answer seems to be that it is not affected in any way, if it be beyond the maximum “ first party benefits ” paid plaintiff infant. If defendants have paid the infant plaintiff, or in his behalf, up to the maximum ($50,-000) for “ basic economic loss ” within the purview of section 671 (subd. 1, pars, [a], [b], [c]) of the Insurance Law, then it goes without further saying that there cannot be recovery for the same ‘ ‘ basic economic loss ’ ’ by the mother a second time. This is not .an action against a ‘1 third party ’ ’, in which case the insurer paying could have a lien against the plaintiffs’ proceeds only if the third-party defendant was not a covered person (Insurance Law, § 673, subd. 2); but, if said third-party defendant was a ‘ ‘ Covered person ’ ’, he could still be sued for “ excess economic loss ” and under certain circumstances for 11 pain and suffering “ lost earnings above the $1,000 monthly allowance ”, and 'the daily household expense of $25. (No-Fault Handbook, pp. 36, 37, 38.) Except for workmen’s compensation benefits, State or Federal, Social Security disability benefits, or any amount deductible under the insurance policy, all the above other items are recoverable as nonincluded first party benefits, *531 or exceeding “ basic economic loss (Insurance Law, § 671, subd. 2, pars, [a], [b], [c].) For all intents and purposes and to some degree the collateral source rule is and will still ibe in effect, athough the Insurance Department of the State of New York has promulgated certain regulations with regard thereto, implementing the Comprehensive Automobile Insurance Reparations Act (11 NYCRR 65.6 [m] [n] [o]).
Plaintiffs’ motion is granted in its entirety; the affirmative defense and setoff is dismissed.