Nathaniel Sorkin, J.
Defendants move pursuant to CPLR 3212 for an order granting summary judgment dismissing the complaint in this personal injury action to recover damages for noneconomic loss. The injuries were sustained while plaintiff was a passenger in codefendant’s vehicle, covered by State Farm Insurance Company, which was in collision with defendants’ vehicle, covered by Allstate Insurance Company, the movant.
Plaintiff claims that she sustained a serious injury under paragraph (b) of subdivision 4 of section 671 of the Insurance Law (a segment of article XVIII, the Comprehensive Automobile Insurance Reparations Act, colloquially known as the no-fault law), since her medical charges amounted to $510.
The bills were submitted to State Farm, the first party carrier, which was the only carrier eligible preliminarily to either accept and pay the charges as reasonable and necessary, or to deny payment and allow the dispute to be arbitrated under subdivision 2 of section 675 of the Insurance Law and section 65.7 of the fourth amendment to Regulation No. 68 promulgated by the Superintendent of Insurance. (11 NYCRR 65.7.)
State Farm chose to pay the bills submitted by plaintiff in the amount of $510, and thereby the threshold was satisfied to *978 enable plaintiff to commence an action to recover damages for "non-economic” loss (Insurance Law, § 671, subd 3).
Plaintiff then instituted this action against the defendants and the codefendant. All pleaded general denials in their answers and set up cross claims.
After plaintiff’s medical bills were paid by State Farm it sought reimbursement from Allstate, the defendants’ carrier. The latter resisted payment and, as provided in subdivision 2 of section 674 of the Insurance Law, the controversy was submitted to mandatory arbitration pursuant to procedures promulgated by the Superintendent of Insurance as set forth in section 65.10 of the fifth amendment to Regulation No. 68. (11 NYCRR 65.10.) That arbitration panel allegedly awarded State Farm $401 for the plaintiff’s medical expenses.
Allstate contends that such arbitration award is dispositive of the reasonable charges for plaintiff’s necessary medical treatment, and since that amount does not satisfy the economic threshold requirement of $500, this action is barred by the no-fault law.
Recent decisions have interpreted section 675 as mandating that all contested claims arising out of that statute be resolved by binding arbitration as provided for in the no-fault law, not by the court (Matter of Green Bus Lines [Bailey], 80 Misc 2d 483; Matter of Empire Mut. Ins. Co., NYLJ, March 5, 1975, p 2, col 2).
The arbitration that Allstate relies on, however, was held pursuant to section 674, which applies solely to controversies between carriers in connection with reimbursement of paid medical bills. Plaintiff was not a party to that proceeding. She was given no opportunity to be heard, to produce witnesses or in any way participate therein.
To allow such inter-carrier arbitration award to have the effect of barring plaintiff of her right to a trial for noneconomic loss would violate her constitutional rights. It would summarily deny her a day in court through defendants’ ex parte actions. This is not due process. This is not the intention of the no-fault law. It is an untenable contention.
Whether the plaintiff’s medical charges were reasonable and necessary is a question of fact to be determined at a trial (Maynor v Wrenn, 78 Misc 2d 193).
Accordingly, defendants’ motion for summary judgment is denied.