Bertram Harnett, J.
When do we determine whether an auto accident plaintiff crosses the "no-fault” law threshold with his right to sue for pain and suffering? Now or later? The statute is silent.
Steven Bennett Snyder claims he suffered a fractured clavicle and other injuries in a two-car accident in which he was a passenger. His father and he sue the owners and drivers of each car.
Defendants Anello and Santo have pleaded as an affirmative defense that this court lacks subject matter jurisdiction to try this case because the plaintiffs Snyder have failed to meet the threshold requirements of the "no-fault” statute. (Insurance Law, art XVIII.) In this motion, the Snyders move to strike that affirmative defense.
The "no-fault” law curtails a plaintiff’s right of recovery for personal injuries suffered in automobile accidents under certain circumstances. A plaintiff cannot recover for pain and suffering unless he has received a "serious injury.” Nor can he recover for out-of-pocket losses less than the amounts specified in the statute. (Insurance Law, § 673, subd 1; § 671, subds 1, 3.)
"Serious injury” is defined qualitatively to include injuries of types described in the statute, and quantitatively to include injuries for which medical expenses reasonably exceed $500. (Insurance Law, § 671, subd 4.) Defendants essentially ques *816 tion whether the plaintiffs’ claims rise to the levels required by the statute.
On the papers submitted, the court cannot make a final factual determination as to whether the injuries Steven suffered are "serious injuries.” Moreover, while the plaintiffs have submitted medical bills totaling $1,180.75, the court cannot determine whether at least $500 of that amount represents "reasonable and customary charges,” as the statute requires (§ 671, subd 4, par [b]).
The papers now before the court do not contain enough information to determine whether the Snyders have crossed the "no-fault threshold”. The court presumably has the option of ordering an immediate hearing or trial of these "threshold” issues to aid in deciding this motion. However, convening such a trial does not seem sensible. An inquiry, including medical testimony, into the nature and extent of Steven’s injuries, and his expenses, would be costly and time consuming to the court and the litigants. If the plaintiffs prevailed at this stage and were to continue with this lawsuit, much of the evidence presented at a preliminary trial would only be repeated again at the trial in chief. By duplicating effort, a preliminary trial would violate the raison d’etre of the "no fault” law. This law was intended to reduce, not increase, the volume of automobile negligence litigation.
The papers do, however, contain sufficient allegations to withstand a motion to dismiss for insufficiency. Therefore, the issue of whether the plaintiffs have crossed the "no-fault” threshold must wait until trial for resolution.
Defendants should be able to raise the threshold issue by way of an affirmative defense to be validated on trial. Strictly speaking, however, there is a flaw in their pleading. They have misapprehended the nature of the "no-fault” defense. The "no-fault” law does not, as defendants claim, deny the court jurisdiction to hear minor injury auto accident cases, instead it limits the rights of plaintiffs to recover in such cases. (See, Schwartz, No-Fault Insurance: Litigation of Threshold Questions Under the New York Statute — The Neglected Procedural Dimension, 41 Brooklyn L Rev 37.)
Accordingly, the affirmative defense, pleaded by defendants Anello and Santo, shall be stricken, but those defendants shall have an opportunity to replead within 20 days of the service on them of a copy of the accompanying order. They may then pursue their defense on trial.