Fred T. Santucci, J.
This is a motion by plaintiff to set aside a jury verdict finding that the necessary, reasonable and customary charges for medical, hospital and x-ray services performed for the plaintiff amounted to a sum less than $500.
Plaintiff’s claim in this negligence action for damages for personal injuries arises out of an automobile accident which occurred on March 29, 1974 when plaintiff’s automobile, then being operated by him, was struck in the rear by a motor truck owned by the defendant Hertz Corp. and operated by defendant Vargas.
The summons and indorsed complaint in short form as required by 22 NYCRR 2900.5 and CPLR 3016 (subd [g]) alleges an "Action to recover the sum of $10,000 for personal injuries resulting in medical care and treatment in excess of $500.00 and resultant expenses.” The defendant’s answer contained a general denial.
Plaintiff’s bill of particulars alleges medical and related expenses as follows:
(a) Physicians’ services — $660.
(b) Medical supplies — $18
(c) Hospital expenses — $174
(d) Transportation to and from doctor — $75 All totaling $927.
At the trial of this action, before a jury, the plaintiff and his treating physician were the only witnesses to testify. No witness appeared at the trial on behalf of the defendant to controvert either the testimony of the plaintiff or his physician.
The plaintiff testified as to his pain and suffering and his physician gave his diagnosis, treatment and the reasonable value of his services, and also the reasonable value of the services of a neurologist that he had recommended.
The accident having occurred after February 1, 1974, the effective date of the Comprehensive Automobile Insurance *32 Reparations Act (Insurance Law, § 670 et seq.) commonly known as the "No-Fault Law”. Section 673 of the Insurance Law provides, inter alia, that a plaintiff shall have no right to recover for pain and suffering and similar nonmonetary detriment unless he has sustained a "serious injury.” "Serious injury” is defined as a personal injury (§ 671, subd 4, pars [a], [b]): "(a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system; or (b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury, would exceed five hundred dollars”.
The first question to be dealt with by the court is that where the complaint sufficiently alleges, as required by CPLR 3016 (subd [g]) that the plaintiff sustained personal injuries etc. requiring medical expenses in excess of $500 is a general denial in the answer sufficient to raise the trial issues as well as the issue of the threshold. This court is of the opinion that said denial is sufficient in that the "No-Fault” law provides that the plaintiff shall have no right to recovery unless he has sustained a "serious injury.” The plaintiff therefore is required to plead and prove that he has sustained the injury as defined under the act. Under denials, the defendant may offer any evidence tending to disprove anything the plaintiff would be permitted to offer as evidence or otherwise stated, anything the plaintiff would have the burden of proving the defendant would have the right to prove contra. (McKinney’s Cons Laws of NY, Book 7B, CPLR 3018:11.)
An affirmative defense would be required where the matters "if not pleaded, would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading”. (CPLR 3018 subd [b].) That section does not set forth a requirement of an affirmative defense enumerated and mandated by that section. Nor does the "No-Fault” law contain any provision or requirement that an affirmative defense shall be pleaded in order to raise the threshold issue.
Assuming arguendo, if, in compliance with the CPLR, the complaint and bill of particulars have sufficiently pleaded the "serious injury” as defined and that an affirmative defense should be required stating that the plaintiff had not sustained a serious injury, under the Act, would it then be the defendants burden by reason of such pleading, to prove that the *33 plaintiff had not sustained a "serious injury” with the result that a failure to plead it would be a waiver. This court thinks not. The Insurance Law, CPLR and section 2900.05 of the New York City Civil Court Rules have placed the burden on the plaintiff of pleading and proving the "serious injury” as defined, and the plaintiff may not recover for pain and suffering until he proves that the threshold issue has been crossed. The failure to plead the affirmative defense does not shift the statutory burden of the plaintiff. In the absence of prejudice, it should not be held that the burden of proof shifts to the defendant merely because he unnecessarily pleads the matter affirmatively that the plaintiff has not sustained a serious injury as defined in the statute. (See 3 Weinstein-Korn-Miller, NY Civ Prac, par 3018.14.)
On the question of whether the court or the jury would be the trier of the facts as to the reasonableness and necessity of medical services and as to whether treatments were causally related, was considered by the court in Maynor v Wrenn (78 Misc 2d 193), on a motion made to dismiss the complaint for lack of jurisdiction, the court, in denying the motion, held that these questions of fact were properly for a jury after proper instructions.
In the instant case, and although only the plaintiff and his physician testified, the threshold question of fact under section 671 (subd 4 par [b]) of the Insurance Law was properly within the province of this jury and was submitted for their consideration.
Had the plaintiff sought to introduce his own testimony together with certified itimized medical bills under CPLR 4533-a for services rendered the same would have been sufficient evidence to submit a question of fact to the jury as to whether or not the $500 threshold had been reached. The question of threshold may be submitted to the jury in the following manner:
"You as jurors are to decide the reasonable and customary charges for medical treatment, which includes the doctor’s bill, the hospital bill and the cost of x-ray, and further if such treatment was necessarily performed as a result of the injuries you find plaintiff sustained and also whether the value of said treatment exceeds the sum of $500. If you do not so find you must go no further, but report back to the court. In that instance you will have a verdict for the defendant. If you find that the reasonable and necessary medical treatment exceeded *34 $500 then you will consider a verdict for the plaintiff. Your verdict will be a sum of money and in your verdict you will consider an award for pain and suffering from the injuries you find plaintiff sustained as a result of this accident. You will not consider reimbursement for medical expenses.”
In the within matter the jury rendered a verdict finding that the reasonable and customary charges for medical, hospital and x-ray services necessarily performed for the plaintiff did not exceed the sum of $500. An oral motion was made by plaintiff immediately after the verdict to set it aside as contrary to the weight of the evidence and contrary to law.
The verdict of the jury (that the amount of charges for medical, hospital and x-rays did not exceed the sum of $500) indicates that the testimony of the plaintiff and of his physician was not wholly accepted; and further indicates that the jury either did not believe that all the injuries claimed were sustained or that all of the expenses were attributable to the accident, or that some of the services were necessary, or that the amounts charged were reasonable or that the plaintiff made the number of visits to the doctor as claimed.
The jury was at liberty, if it deemed it proper under all the circumstances to do so, to disbelieve the testimony of the plaintiff, or an interested witness, even though it might not be otherwise impeached or uncontradicted. (Noseworthy v New York, 298 NY 76; People v Gerdvine, 210 NY 184; Wohlfahrt v Beckert, 92 NY 490; People v Viscio, 241 App Div 499; Hoes v Third Ave. R. R. Co., 5 App Div 151.) The jury was free to reject the testimony of plaintiff’s physician if it found the facts to be different from those which formed the basis for the opinion. The jury might also reject his opinion if, after careful consideration of all the evidence in the case, expert and other, it disagreed with the opinion. (Ensign v New York Life Ins. Co., 204 App Div 690; Lubbee v Hilgert, 135 App Div 227; see Ann. 86 ALR 2d 1038.) The trier of the fact was free to disbelieve the uncontroverted testimony. (Ackerman v Ackerman, 35 Misc 2d 890.)
The courts generally are reluctant to interfere with the verdict unless it is not within reasonable bounds. (Beckhusen v Lawson Co., 15 AD2d 455; Odell v City of New York, 13 AD2d 955; Reich v Evans, 7 AD2d 765.) In Hegui v Jones (40 AD2d 1053) in an action for personal injuries sustained in a motor vehicle accident, where the only witnesses were plaintiffs and a physician called on their behalf, the court held, *35 inter alia, that the trial court did not err in refusing the request to charge that the jury should give the highest consideration to said physician’s testimony. The substantial proof of injuries was subjective and issues of credibility were raised. Appellants’ medical expert admitted that his treatment of a patient with subjective medical complaints can rise no higher than the credibility of the patient, that it was up to the jury to assess the damages.
So here, substantial proof of injuries was subjective, and issues of credibility were raised. The issues of fact as to the amount of reasonable and customary charges for the medical and hospital services necessarily performed, were for the trier of the facts. (Maynor v Wrenn, 78 Misc 2d 193, supra.) Upon the evidence presented, this court could not determine as a matter of law that the $500 threshold had been crossed.
In view of the foregoing, this court concludes that it is bound by the jury verdict in that the plaintiff has not effectively brought himself within the requirements specified by the statute as one being entitled to recover by suit.
Accordingly, the complaint is dismissed for failure of proof required under sections 671 and 673 of the Insurance Law.
The motion of plaintiff to set aside the verdict is therefore in all respects denied.