Shanley N. Egeth, J.
In this automobile no-fault action, plaintiff moves to strike defendant’s affirmative defense of failure to meet the statutory threshold requirements which create a right of recovery. for noneconomic loss, on the grounds that the said defense has no merit (CPLR 3211, subd M).
The issue of whether plaintiff has reached the threshold requirements of "serious injury” and "reasonable and customary charges” for medical and related services in excess of $500 (Insurance Law, § 671, subd 4) is a mixed question of law and fact. Where a bona fide factual dispute exists, these issues are *560 more properly submitted to a jury for determination (Maynor v Wrenn, 78 Misc 2d 193; Cole v Berkowitz, NYLJ, Oct. 8, 1975, p 7, col 4). However, where the facts are sufficiently clear that these issues can be decided as' a matter of law in the pleadings stage, on the basis of evidentiary material presented to the court in affidavits and pleadings, they should be so decided (Sullivan v Darling, 81 Misc 2d 817; Williams v Garcia, NYLJ, March 4, 1975, p 14, col 2).
Examination of the moving papers and the exhibits annexed thereto reveals that this 79-year-old plaintiff sustained a fracture of the right humerus for which immediate medical attention was rendered, and continued thereafter for a period of approximately nine months. It is undisputed that this treatment included three days of almost immediate hospitalization ($599) and continuing, uninterrupted physician’s services, X rays and lab tests ($1,150), all of which resulted in some improvement, while residual limitations remained. This court judicially notes that in a 79-year-old fracture patient the healing period is substantially longer than normal for the injury, and requires more extensive treatment and more frequent X-ray scrutiny during the course thereof.
Therefore, this court rules as a matter of law under the facts supplied in this case, which are wholly unrefuted in any answering papers, that plaintiff has incurred at least $500 of reasonable and customary charges in connection with this accident. (Greenblatt v Johannssen, 80 Misc 2d 436 [Lazer, J.] [$1,991.63 in charges alleged].)
This court is not unmindful of the holding in Snyder v Laffer (81 Misc 2d 814) which may appear to be contrary. However, there is no indication therein as to the cogency of the papers asserting the $1,180.75 in medical bills submitted to the court. Justice Harnett obviously determined that they were not sufficiently persuasive to convince him, and therefore appropriately referred the issue of fact to the trier of facts at trial.
In the instant case, while it is clear that no computer can ascribe a precise total dollar amount of bills which would clearly satisfy the threshold requirement as a matter of law, it is quite clear that at the very least plaintiff’s proofs as presented on this motion more than satisfy the $500 requirement, and this court so states as a matter of law.
The motion is therefore granted and the affirmative defense is stricken.