Martha Zelman, J.
Defendant Duncan in this action moves for an order dismissing the first cause of action for personal injuries. The ground cited is that the plaintiff has not sustained a "serious injury” within the meaning of section 671 (subd 4, pars [a], [b]) of the Insurance Law of the State of New York ("no-fault law”), and that as a result, the plaintiff’s cause of action for personal injuries must fall.
*404 This action arises from an accident alleged to have occurred on February 18, 1975. The plaintiff’s attorney served medical and hospital reports and bills. The bills of the Mary Immaculate Hospital had been $94.80. The bills of Dr. Goldberg added up to $482.
The motion papers include an affirmation from the treating physician, Dr. Goldberg, that of the amount for medical treatment, $252 was for "mostly heat treatments, massage and ultra-sound.” This, according to Dr. Goldberg, is the accepted medical care and treatment for the cervical and back injury sustained by plaintiff and was administered directly under the doctor’s supervision.
Plaintiffs bill of particulars claims permanent injury to his back, and alleges permanent loss of use of bodily function or system. The injuries come within this court’s concept of the definition of "serious injury” within the scope of the Insurance Law (§ 671, subd 4, par [a]).
Defendant, however, denies in both this motion and his answer that plaintiffs claimed losses constitute "serious injury” within the Insurance Law (§ 671, subd 4, par [b]) which defines "serious injury” as one where "the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.” He contends that the $252 for physical therapy should be excluded from the computation of the $500 threshold.
Defendant argues that physical therapy services are expressly included as a component of "basic economic loss” in subdivision 1 of section 671 of the Insurance Law. However, there is no such inclusion in section 671 (subd 4, par [b]). It is his contention that the exclusion of physical therapy from the definition of "serious injury” was deliberate and intentional on the part of the Legislature.
Where there is any doubt about the proper interpretation of a statute, the court should strive to avoid any construction that would make a statute unjust or create a hardship. See Matter of Alro Liqs. v New York State Liq. Auth. (29 AD2d 271, 275), wherein the court held that courts "should strive to avoid construction which would make the statute unjust, unreasonable, absurd or contrary to the public interest.” See Kauffman & Sons Saddlery Co. v Miller (298 NY 38, 44), wherein the court held, "where the language of a statute is *405 susceptible of two constructions, the courts will adopt that which avoids injustice, hardship, constitutional doubts or other objectionable results.” (See, also, Sterling v Lapidus, 10 AD2d 180.)
The court finds that to leave out the cost of physical therapy in the computation of the $500 threshold would be as ridiculous as to state that a physician’s treatment with a prescription for aspirin would be excluded from the $500 threshold, whereas a physician’s treatment with aspirin without a prescription would be included.
An issue similar to that before the court has been considered in a number of up-State cases. However, this court does not find them to be dispositive. The case of Colenzo v Kernan (49 AD2d 809) held physical therapy performed by a physical therapist at the request of an attending physician was not includable. The court adopted the holding of Goldwire v Youngs (82 Misc 2d 351), wherein it was held that bills incurred for physical therapy rendered at a hospital were not includable in the computation of the $500 threshold to meet the test of "serious injury” under the no-fault auto insurance law. The Goldwire decision, however, does not state whether the therapy was supervised by the physician. In the case before this court, the therapy was, allegedly at least, under "direct” supervision. Jackson v Decatur (83 Misc 2d 295) also held that physiotherapy expenses may not be included. The doctor’s bill there in question was that of a medical doctor. But there, also, the case does not show whether the physician "directly” supervised the therapy.
The Insurance Law provisions do not define medical services, but section 6521 of the Education Law defines the practice of medicine as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” Practicing medicine within the meaning of this section includes broadly the recognized practices of physicians. No clear line can be drawn distinguishing the practice of medicine itself from the administration of treatment at a physician’s direction. (See Leitch v Mulcahy, 177 Misc 1077; People v Allcutt, 117 App Div 546.) In Leitch, for example, negligence by an X-ray technician administering therapy at a physician’s direction was treated as medical malpractice rather than ordinary negligence. The definition of "medicine,” thus, must be functional and flexible enough to include treatments prescribed and supervised, if not per *406 formed by a physician. It should not be narrowly constricted. It is certainly broad enough to include physical therapy, when it is good accepted community medical practice supervised directly by a physician. Excluding such therapy would be analogous to considering the administration of drugs as medical services only when a physician himself injects the medicine and not when a nurse does so at a physician’s direction.
It is this court’s opinion that the Legislature intended to exclude from the $500 threshold only nonmedical or informal physiotherapy treatments as distinguished from those prescribed or rendered by a physician. It would be a grave denial of the rights of the plaintiff to bar him from his day in court by an off-handed interpretation of the words "physical therapy.”
Defendant’s motion is denied.