Hubert A. Richter, J.
Plaintiff seeks leave of this court to amend her verified complaint previously served herein. The defendant has cross-moved for summary judgment dismissing the plaintiff’s complaint claiming that said proposed complaint does not state a cause of action. Defendant’s motion is actually for an accelerated judgment (CPLR 3216).
Leave to amend a pleading shall be "freely given”. (CPLR 3025, subd [b].) It is denied if substantial prejudice to the defendant is shown, if undue delay occurs in the application for such relief, or if it, the proposed new pleading, is patently insufficient although the court should generally not concern itself with the sufficiency of the proposed pleading.
There is and can be no claim of prejudice on the part of the *913 defendant, nor was the plaintiff tardy in proceeding with this motion as respects the history of this matter. However, the plaintiff’s motion to amend her complaint brings into focus and creates the necessity for the court to examine the proposed pleading as to its sufficiency as a pleading. In addition thereto, the defendant’s motion must be considered.
The thrust of defendant’s motion is directed to paragraph six of the plaintiff’s verified complaint and the test for the sufficiency of plaintiff’s amended complaint rests upon the sufficiency of paragraph six. It reads as follows: "Upon information and belief, within one year from the date of the accident on May 6, 1974 and in or about November of 1974, it became ascertainable and was reasonably expected, due to the degree of permanency of the residual effects of the plaintiff’s injuries, that dependant upon future contingent circumstances and conditions, medical treatment of unknown types and duration to be rendered by unknown medical personnel would be needed subsequent to the first anniversary of her accident aforesaid, it being impossible for the plaintiff to notify the defendant thereof due to the unknown and contingent nature thereof’.
Section 671 (subd 1, par [a], cl [iv]) of the Insurance Law, as pertinent to the instant issue, reads "any other professional health services; all without limitations as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expense may be incurred as a result of the injury”.
The plaintiff concedes quite correctly that the burden is placed upon her to prove the fact of "ascertainability” within one year of the accident. The treatment at issue was commenced more than one year after the accident of May 6, 1974. At no time within one year of the accident had the plaintiff reported the ascertainability or need of added treatments to the defendant. That, however, is not the issue. The issue is, has she properly pleaded that burden, especially when the pleading begins "upon information and belief’, and must she support that motion for leave to amend her pleadings with an evidentiary affidavit of the ascertainability of the treatment within the one-year period of time.
There exists no impediment to the plaintiff’s right to make this motion as previously set forth in this decision. The plaintiffs pleading is sufficient. The propriety of this conclusion "is buttressed by the long-standing practice in New York *914 of sustaining a complaint against a motion to dismiss if any cause of action could be derived from its allegations by implication or through liberal construction”. (Van Gaasbeck v Webatuck Cent. School, 21 NY2d 239, 245; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.05.)
Plaintiffs language in paragraph six is verbose, somewhat vague, and certainly not concise. This court, however, is not called upon at this time to pass upon the sufficiency of proof to be offered by the plaintiff with respect to her burden, nor is it called upon to appraise the sufficiency of plaintiffs answer to any other pleading demanded of her by the defendant.
This court would prefer paragraph six to be stated as a plain, concise statement of material fact (CPLR 3014) clearly supported by available evidence to sustain the plaintiffs burden. However, it is permissible to plead by information and belief. (4 Carmody-Wait, 2d NY Prac, § 29:21.)
The court will now direct its attention to the defendant’s motion. The plaintiff need not submit evidentiary affidavits to support the application to amend her pleading. The defendant has failed to submit evidentiary facts to support its motion for an accelerated judgment submitting merely an affidavit of the attorney alleging that the plaintiff has failed to set forth evidentiary facts to entitle her to the relief requested. The defendant to prevail must do so on the strength of its evidentiary facts.
Where a defendant supports the motion for accelerated judgment by competent proof, it is mandatory that plaintiff submit evidentiary facts rebutting the prima facie defense (Indig v Finkelstein, 23 NY2d 728). On the present record, however, there is no need for the plaintiff to lay bare her case. The defendant has not properly supported its motion for an accelerated judgment by competent proof. The defendant has failed to meet its burden. Thus, the defendant’s cross motion is denied.
This court determines that the plaintiff must at the trial of this action prove by a fair preponderance of the credible evidence that within one year of the happening of the accident that plaintiffs other professional health services were, with reasonable medical certainty, ascertainable and were, with reasonable medical certainty, cau.sed by the accident previously sustained by the plaintiff. This is the burden the plaintiff bears when the professional health services were rendered more than a year after the accident and when the *915 ascertainability of said treatment was not reported to the defendant’s insurance carrier within one year of the accident.
Thus, defendant’s motion is denied and plaintiff’s motion to amend her complaint is granted, without costs to either party. The defendant shall have 20 days in which to reply to plaintiffs amended complaint.