Memorandum. The order should be unanimously modified *927 by deleting the provisions setting down for immediate trial the issue of whether the threshold figure of $500 has been met under the provisions of article XVIII of the Insurance Law and, as so modified, affirmed, without costs.
This appeal poses the question of whether the bill of a psychiatrist is properly includable in the computation of the threshold figure of $500 set forth in section 671 (subd 4, par [b]) of the Insurance Law. In our opinion it is. The services rendered by the psychiatrist involved here were medical in nature consisting of routine physical treatment and of monitoring the effects of prescribed medication. It did not include treatment of a mental or emotional disorder by psychotherapy (see Webster’s Third New International Dictionary of the English Language, Unabridged, 1964). Since these same services, if rendered by a medical doctor who is an internist or general practitioner would clearly be includable, it would be anomalous to arrive at a different result because the services were rendered by a medical doctor who is qualified in the specialty of psychiatry. Moreover, the services rendered are clearly within the common understanding of the words "medical * * * services” and absent any indication of a contrary intent on the part of the Legislature to focus upon the specialty of the physician rendering the services rather than the nature of the services themselves, these words should be given their commonly accepted meaning (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 94). To the extent that the rationale of Sanders v Rickard (51 AD2d 260 [3d Dept. 1976]) and Colenzo v Kernan (49 AD2d 809 [4th Dept. 1975]), holding that physiotherapy charges are to be excluded from the computation of the threshold amount, may require a different result, we decline to follow it (see Agnostakios v Laureano, 85 Misc 2d 203; Albright v Hook, 85 Misc 2d 403). The statute under consideration is in derogation of the common law and it is a rule of statutory construction that the common law is never abrogated by implication, but, on the contrary, must be held to be no further changed than the clear import of the statutory language absolutely requires (McKinney’s Cons Laws of NY, Book 1, Statutes, § 301, subd b). However, both Sanders v Rickard (supra) and Colenzo v Kernan (supra) rely upon the principle of "expressio unius est exclusio alterius” which is in effect interpretation by implication (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240). The afore-mentioned phrase "medical services” set forth in Insurance Law *928 (§ 671, subd 4, par [b]) is generic in scope and should not be so limited, unless a clear legislative intent to that effect is inescapable (see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 97).
It is undisputed that the litigants were insured by the same insurance company. Since the psychiatrist’s fee has been paid by the insurer pursuant to the applicable statutory provisions and since no issue has been raised as to its reasonableness, there is no necessity for a hearing.
Although an issue has also been raised as to the includability of expenses incurred for chiropractic treatment, in view of the result reached above, we need not now decide this issue.
Concur — Schwartzwald, P. J., Pino and Buschmann, JJ.