Pax MOREN and Denese Moren, Plaintiffs,

v.

GREYHOUND LINES, INC. and Pasquale P. Colucci, Defendants.

77 Civ. 3659.

United States District Court, S.D. New York.

June 26, 1978.

GRIESA, District Judge.

This is a diversity action alleging that the negligence of the driver of a bus owned by the defendant, Greyhound Lines, Inc., caused damages to the plaintiffs. On December 16, 1974 plaintiffs Pax and Denese Moren were passengers on a bus which had an accident in the vicinity of Minden, New York. Mr. and Mrs. Moren are citizens and domiciliaries of the Republic of South Africa. The action was instituted on July 29, 1977. The complaint alleges three causes of action: (1) personal injuries to Pax Moren, (2) loss by Denese Moren of her husband's services and companionship, and (3) property damage to Denese Moren.

The governing law is that of New York. Under the New York no-fault statute, no court action for personal injuries may be brought unless the plaintiff proves he incurred a "serious injury." N.Y.Ins.Law § 673(1) (McKinney Supp.1977–1978). "Serious injury" is defined as

> "a personal injury: (a) which results in death; dismemberment; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system; or (b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars."

N.Y.Ins.Law § 671(4) (McKinney Supp. 1977–1978). Plaintiffs have stipulated (Letter of Alvin D. Broome dated May 2, 1978) that this threshold requirement applies to both their first and second causes of action. *See Barker v. Scott,* 81 Misc.2d 414, 365 N.Y.S.2d 756 (Sup.Ct.Schenectady County 1975); *Robinson v. Sparta Taxi, Inc.,* 80 Misc.2d 525, 363 N.Y.S.2d 235 (Sup.Ct. Queens County 1975). It does not, of course, apply to their third cause of action. As the present opinion concerns Mr. Moren's claims of personal injury, he will be hereinafter referred to as "the plaintiff."

■ The plaintiff bears the burden of proving that a "serious injury" within the meaning of section 671(4) was incurred. *See Morell v. Vargas*, 83 Misc.2d 30, 371 N.Y.S.2d 828 (Civ.Ct.City of New York 1975); *see also Barki v. Employers Mutual Liability Insurance Co.*, 87 Misc.2d 912, 386 N.Y.S.2d 531 (City Ct.Kingston 1976); Schwartz, *No-Fault Insurance: Litigation of Threshold Questions Under the New York Statute—The Neglected Procedural Dimension*, 41 Brooklyn L.Rev. 37, 46–47 (1974).

At a pre-trial conference on December 16, 1977 plaintiffs' attorney, Sidney S. Lane of Toberoff & Gould, and defendants' attorney, Patrick J. Fogarty of Crowe, McCoy, Agoglia, Fogarty & Zweibel, discussed with the Court the appropriate means of disposing of the threshold question of "serious injury." It was agreed that the question would be decided in a partial trial to the Court. While the New York decisions are in conflict on the question whether a preliminary trial of the no-fault threshold issues is *preferable, compare Sullivan v. Darling*, 81 Misc.2d 817, 367 N.Y.S.2d 199 (Sup.Ct.Saratoga County 1975) (preferable), *with Sanders v. Rickard*, 51 App.Div.2d 260, 380 N.Y.S.2d 811 (3d Dep't 1976), *and Snyder v. Laffer*, 81 Misc.2d 814, 367 N.Y. S.2d 454 (Sup.Ct.Nassau County 1975) (not preferable), it is clearly within the *authority* of the Court to conduct such a partial trial, especially when, as here, both parties consent to such a procedure. Similarly, although several New York cases favor reserving threshold issues of fact, once plaintiff survives any summary judgment motion, to be determined by a jury, *see Simone v. Streeben*, 56 App.Div. 237, 392 N.Y.S.2d 500 (3d Dep't 1977); *Morell v. Vargas*, 83 Misc.2d 30, 371 N.Y.S.2d 828 (Civ.Ct.City of New York 1975); *Scarola v. Goldman*, 81 Misc.2d 977, 367 N.Y.S.2d 186 (Civ.Ct.City of New York 1975); *Maynor v. Wrenn*, 78 Misc.2d 193, 356 N.Y. S.2d 469 (City Ct.Syracuse 1974), it is also within the appropriate discretion of the Court to accept a waiver by both parties of the right to a jury trial on the threshold question of "serious injury," and to determine the question itself.

A hearing was held on January 19, 1978. At that hearing, plaintiff was again represented by Mr. Lane and defendants were represented by Edward Pshedesky of the Crowe, McCoy firm. Mr. Lane confirmed, on the record, that the threshold issue of serious injury was to be decided in a partial trial by the Court, on the basis of documentary evidence and argument. The Court specifically noted that the procedure was not on summary judgment, but was a partial trial in which the threshold questions of fact would be resolved finally by the Court. Minutes at 2, 15. Mr. Lane confirmed that to this extent the parties agreed to waive a jury. Minutes at 15–16. He acknowledged plaintiff's burden of proof on the threshold issue. Minutes at 12–13. It was also recognized that the documents sought to be introduced were offered subject to the normal objections available at trial, and Mr. Pshedesky in fact advanced such objections. Minutes at 11, 14. Mr. Lane agreed that the plaintiff was prepared to rest on the record before the Court as to the threshold question, and Mr. Pshedesky concurred. Minutes at 16. The documentary submissions of both parties were marked as exhibits. Minutes at 17–25. A schedule was set for briefing, Minutes at 25–26, with which the parties subsequently complied; plaintiff filed a brief on January 26, 1978 and defendants filed a brief on February 2, 1978.

At a conference on February 16, 1978 plaintiff was represented by Alvin H. Broome, of Toberoff & Gould, and defendants were again represented by Mr. Pshedesky. At this conference, Mr. Broome contradicted in several respects the representations made by Mr. Lane at the January 19 hearing. For example, he now took the position that the burden of proof rested on the defendants, claimed the documents were to be received without being subject to any objections, claimed that the issue under section 671(4)(b) of whether plaintiff's medical expenses were "reasonable and customary" and "necessarily performed" was to have been conclusively stipulated in plaintiff's favor, and sought to cast the proceeding as one on summary

judgment, thus retaining a right to present the threshold issues again to a jury. Similar assertions were contained in plaintiff's memorandum of January 26, 1978.

In response to these surprising representations, the Court ordered Mr. Broome and Mr. Lane to appear together at another conference to clarify plaintiff's position. At the conference which resulted, held on March 3, 1978, the Court ruled that plaintiff was bound by the stipulations entered into at the January 19 hearing. Plaintiff then sought to introduce an affidavit of a physician in supplement of his evidentiary submissions, and this was excluded because of plaintiff's January 19 agreement to rest on the evidence of record at the hearing.

 Although the matter is not without difficulties, the Court concludes that plaintiff has sustained his burden of proving by a preponderance of evidence that "the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars." It is not disputed that a serious accident occurred which necessitated plaintiff's being hospitalized and receiving treatment by doctors, nursing services, x-rays, and prescription drugs. Minutes of January 19, 1978, at 6–10. This is amply sustained by plaintiff's deposition, taken November 2, 1976, to which plaintiff has noted no objection. Deposition at 21–34. Plaintiff's bill for hospitalization was $376. This bill, Plaintiff's Exhibit 3, is admissible in evidence as a business record under Fed. R.Evid. 803(6), given the ample foundation provided by plaintiff's deposition. In addition, defendants' insurance carrier paid three additional doctors' bills for treatment following the accident, which total $122. It is evident from an examination of the itemized charges on Exhibit 3 that these doctors' bills were not included in the hospital account. Payment of these bills by defendants' insurer is conclusive evidence in plaintiff's favor as to the amount and the reasonableness and necessity of the services involved. Defendants' insurer had the op-

tion of declining payment and entering into binding arbitration under N.Y.Ins.Law § 674 (McKinney Supp.1977–1978). An insurer's election to pay bills and forego arbitration was held to be dispositive, *both* as to amount and as to reasonableness and necessity of the expenses involved, in *Scarola v. Goldman*, 81 Misc.2d 977, 367 N.Y. S.2d 186 (Civ.Ct.City of New York 1975); there is no logical basis for the contrary statements in *Abbasi v. Galluzza*, 88 Misc.2d 926, 390 N.Y.S.2d 514 (Sup.Ct.Appellate Term 2d & 11th Jud.Districts 1976), and *Shalem v. Teitelbaum*, 84 Misc.2d 596, 381 N.Y.S.2d 165 (Sup.Ct.Queens County 1975), to the effect that this conclusive rule should be limited to the dollar amount of the bill alone, and the Court concludes that they clearly do not represent the construction of New York law which would be made by the New York Court of Appeals if presented with this question, *see King v. Order of United Commercial Travelers*, 333 U.S. 153, 158, 68 S.Ct. 488, 491, 92 L.Ed. 608 (1948).

It is true that no expert testimony has been received as to the reasonableness and necessity of the treatment plaintiff received during his hospitalization, and that the simple presentation of medical bills, with no more, cannot satisfy a plaintiff's burden as to these elements. *See Snyder v. Laffer*, 81 Misc.2d 814, 367 N.Y.S.2d 454 (Sup.Ct.Nassau County 1975). However, the detailed hospital bill, read in conjunction with plaintiff's deposition, strongly supports an inference of the reasonableness and necessity of the services plaintiff received, and defendants offered no evidence to contradict this inference. *See Davis v. Pathe Cab Corp.*, 84 Misc.2d 559, 377 N.Y.S.2d 893 (Civ.Ct.City of New York 1975); *Greenblatt v. Johannssen*, 80 Misc.2d 436, 363 N.Y.S.2d 203 (Sup.Ct.Suffolk County 1974).

These hospital and doctors' bills bring plaintiff's medical expenses to $498, $2 short of the no-fault statute's threshold. Plaintiff also relies on nine bills incurred for treatment in South Africa. Some of these are hotly contested by defendants. For example, three of these bills relate to nasal surgery which defendants contend

142

was unrelated to plaintiff's accident. Two other bills are for physical therapy, a form of care which the preponderance of New York authority holds to be excluded from the definition of medical expenses in section 671(4). *Compare, e.g., Vidra v. Shoman,* 59 App.Div.2d 714, 398 N.Y.S.2d 377 (2d Dep't 1977); *Sanders v. Ricard,* 51 App.Div.2d 260, 380 N.Y.S.2d 811 (3d Dep't 1976); *and Sciarino v. Ambrus,* 58 App. Div.2d 741, 395 N.Y.S.2d 857 (4th Dep't 1977) (excluded), *with Santiago v. Harris,* 85 Misc.2d 1009, 389 N.Y.S.2d 275 (Civ.Ct. City of New York 1976); *Albright v. Hook,* 85 Misc.2d 403, 381 N.Y.S.2d 217 (Civ.Ct. City of New York 1976); *and Agnostakios v. Laureano,* 85 Misc.2d 203, 379 N.Y.S.2d 664 (Civ.Ct.City of New York 1976) (included). However, even granting defendants' arguments on these points, this still leaves four bills incurred in South Africa, including two bills for treatment shortly following plaintiff's accident. The Court concludes that the two latter bills are admissible on the same grounds as plaintiff's hospital bill. Plaintiff's Exhibit 7, in the Rand equivalent of $46, is a bill for spinal x-rays, and Plaintiff's Exhibit 8, in the Rand equivalent of $18, is a bill for a neck brace. These bills are plainly in reasonable amounts. Plaintiff's deposition sustains their direct relationship to his accidental injury. Deposition at 46–54.

Accordingly, the first and second counts of the complaint will not be dismissed. Plaintiff has proven "serious injury" within the meaning of section 671(4)(b), and these counts are therefore not precluded by section 673(1). It is unnecessary to rule on the admissibility of the other exhibits offered, or on the plaintiff's alternative argument that he sustained "serious injury" within the meaning of section 671(4)(a).

Defendants' application for the dismissal of counts one and two is denied. So ordered.