OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed, without costs, and a new trial ordered.
In this negligence action it was error to strike the affirmative defense, as to the cause of action for personal injuries, that the statutory threshold had not been reached (see Insurance Law, § 671, subd 4). The voluntary payment by the *66 defendant’s insurer to plaintiff of first-party benefits in the sum of approximately $750 should not preclude the defendant from raising the defense at the trial. To the extent that Shalem v Teitelbaum (84 Misc 2d 596) is to the contrary, we decline to follow it. There is nothing in the Insurance Law which indicates that payment of first-party benefits pursuant thereto is a waiver of any defenses. Public policy would suggest that insurers be encouraged to make early payment rather than invite resistance to such claims in order to avoid untoward legal consequences. We note that where it is not seriously disputed that the reasonable and customary charges for medical services necessarily performed far exceed the sum of $500, the affirmative defense may be dismissed without the necessity of a trial (see Greenblatt v Johannssen, 80 Misc 2d 436). However, such is not the situation in the case at bar. We also note that the jury failed to separately state the award for the property damage allegedly sustained by plaintiff.
Concur — Buschmann, P. J., Mangano and Hirsch, JJ.