■ FELIX YOUSSOUPOFF, Appellant-Respondent, v. COLUMBIA BROADCASTING SYSTEM, INC., Respondent-Appellant.— Order, entered on June 20, 1963, denying plaintiff's motion and defendant's cross motion for summary judgment, unanimously affirmed, without costs, upon the ground that neither side in our opinion made out a case for summary judgment. The circumstances surrounding the broadcast are not fully disclosed by the affidavits. We cannot determine from the record before us whether the broadcast represented a fictionalization of the historic facts nor whether the broadcast itself was for commercial purposes to bring it within the proscription of sections 50 and 51 of the Civil Rights Law. We decide no other question. Concur — Rabin, J. P., McNally and Stevens, JJ.; Eager and Steuer, JJ., concur in the following memorandum by Steuer, J.: We are of the opinion that this case presents no issue of fact and that the plaintiff is entitled to recover. It appears that in January, 1963, defendant telecast a dramatic production entitled "If I Should Die." The production depicted the killing of Rasputin. Plaintiff was depicted by an actor and mentioned by name. The production was undoubtedly based on an actual occurrence in which plaintiff admittedly participated. Furthermore, the incident depicted was an event of historical import. On the other hand, the production was fictionalized in that the dialogue, the settings, and the appearance, expression and gestures of the actors were all the result of the imagination of the writers and the producers of the presentation. This was a use of plaintiff's name for the purposes of trade, admittedly without his permission. Unless it comes within some exception to sections 50 and 51 of the Civil Rights Law, it is actionable. While the statute makes no exception for informative or news broadcasts, these are excepted and television enjoys the same immunity accorded to other media (*Gautier* v. *Pro-Football*, 304 N. Y. 354). The immunity granted in respect to informative matter does not extend

to dramatized or fictionalized versions of the event reported (*Binns* v. *Vitagraph Co. of Amer.*, 210 N. Y. 51). Nevertheless, we do not feel constrained to dissent from the holding of the majority. Summary judgment is a particularly inept form of relief in most actions of this character. Concededly, the issue of damages is to be left open for trial. And the evidence to establish damage almost invariably is the same evidence required to establish the cause of action. The relief afforded by summary judgment is therefore illusory. No time or effort of either the court or the litigants is spared by resort to it. There are rare cases in which its use may be justified. Instances would be where the plaintiff sought vindication only and was satisfied by nominal damages, and the rare instance where the proof of the infringement of the right involved elements that did not affect the quantum of the recovery. This is not such a case. As the application here does not further plaintiff's recovery in point of time, or in dispensing with otherwise unneeded proof, the interests of justice are unaffected by the refusal to grant it to him.