HAROLD FINKLE, Respondent, v. ALFRED ZIMMERMAN et al., Appellants.

Third Department, July 12, 1966.

*Ewig & Beck* (*George A. Beck* of counsel), for appellants.
*David W. Corwin* for respondent.

GIBSON, P. J.  Defendants, the owners and operators of a cold storage plant and warehouse, appeal from a judgment, entered upon a verdict, which awarded damages to plaintiff for personal injuries sustained by him when he slipped and fell on a patch of ice on a concrete loading platform adjoining the warehouse. The appeal turns upon the propriety of the trial court's submission to the jury of the issue of plaintiff's status, whether that of invitee or licensee, for determination as a question of fact.

Plaintiff was one of a group of men who gathered annually at the defendants' warehouse for a venison dinner which the defendants prepared or superintended, those in attendance supplying the venison and sharing the cost of the other food and of the beverages consumed.  The complaint alleged that plaintiff was present at the dinner during which the accident occurred " at the invitation of the said defendants for the purpose of attending a social function  *  *  *  held by the said defendants."  There was no contradiction of the testimony adduced from one of the group that " everything  *  *  *  at the dinner with the exception of the venison — the expenses were divided up at the end, and each person attending paid his share of the expense " and, further, that neither defendant was paid anything, whether for use of the premises, services or otherwise; and another of the guests testified that one of their number " every year collects the money and divides up the out of pocket costs among the guests " and that no part of the sum collected was paid to the defendants.  There was no contradiction of any of this testimony except as plaintiff stated categorically and without elaboration that the money collected was paid to one of the defendants.  This evidence, if accepted by the jury, taken with the uncontradicted proof that the guests paid only the out-of-pocket expenses, was insufficient to warrant a finding that plaintiff was a business visitor or invitee (see *Plotz* v. *Greene*, 13 A D 2d 807, affd. 10 N Y 2d 991) whose presence conferred " an economic benefit " upon the owners or whose use of the premises was " encouraged " so as to " further a purpose of the owner[s]."  (*Ancess* v. *Trebuhs Realty Co.*, 18 A D 2d 118, 119, affd. 16 N Y 2d 1031.)  In arguing to the contrary, respondent advances only the conjectural and completely unsupported contention that the per capita share of four or five dollars would seem to exceed the actual cost of the meal, as respondent describes it, and that the supposed excess constituted an economic benefit to the defendants.

There being no evidence or any inference that plaintiff was a business visitor or invitee, to whom defendants would, under the familiar rule, owe a duty of reasonable care; and it being apparent that plaintiff was a mere licensee as to whom, under the rule, defendants were bound only to avoid wanton or reckless conduct and to warn of traps or hidden dangers; it follows that the court should have charged the latter relationship and consequent duty and should not have submitted the question of status as an issue of fact.

It cannot, of course, be known from this record whether, by its general verdict, the jury found that plaintiff was a licensee and that defendants were grossly or wantonly negligent or found, instead, that he was an invitee and that defendants breached their duty of reasonable care; or whether the jury misapplied one or another of these four tests imposed by the court's instructions. "Where a general verdict is rendered in a liability case submitted to the jury on multiple theories of liability, if one of them is legally untenable, the verdict may not stand." (*Thomas* v. *Central Greyhound Lines,* 6 A D 2d 649, 653.) Consequently, we stress, as we have done before, and again call to the attention of the trial bench, the clear necessity of requiring special findings by the jury in cases such as this, and, indeed, in each case where (1) the basis of the jury's determination cannot otherwise be ascertained and (2) disclosure of the correct basis will be necessary to the proper consideration by the trial court of any motion addressed to the verdict and will, by the same token, be essential to adequate judicial review. (See, e.g., *Sharick* v. *Marvin,* 1 A D 2d 284; *Deso* v. *Albany Ladder Co.,* 26 A D 2d 182, 185, decided herewith.) "In the absence of special findings by the jury, which would have been especially appropriate in a case of this character, it is impossible to determine upon which of the two theories submitted the verdict was predicated. Since it cannot be sustained upon both theories, the judgment must be reversed". (*Sharick* v. *Marvin, supra,* p. 287.)

Appellants argue that the record fails to demonstrate either the respondent's freedom from contributory negligence or any negligence on appellants' part in the high degree necessary to sustain recovery by a licensee; but we have concluded that, in fairness, the question should be submitted and determined within the frame of a proper charge, correctly fixing plaintiff's status and directed to the clear and simple issues which have now emerged, free of the complications engendered by the conflicting theories upon which the previous trial proceeded.

182

The judgment should be reversed, on the law and the facts, and a new trial ordered, without costs.

HERLIHY, TAYLOR, AULISI and STALEY, JR., JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, without costs.