■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE RIZZO, Appellant.— Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: Defendant, a police officer, was convicted of bribe receiving (Penal Law, § 200.10). The People's chief witness admitted on direct and cross-examination that he was an inmate of Attica as a result of a conviction for possession of narcotics with intent to sell; that he had been convicted of the crimes of assault in the first degree and promoting prostitution and of various traffic charges; that he used hard drugs and took money from prostitutes; that he had lied on a bail application and did not believe in working for a living. Defendant's offer on cross-examination of the witness of further proof of his prior convictions was rejected as repetitive. Defendant made an additional offer of proof about a purported deal with Federal narcotics agents in which the witness offered to assist them in return for their helping him in connection with his narcotics indictment and, also, about a purported offer by him to testify in a murder case and his subsequent refusal to do so at the time of trial. This proof was rejected on the ground that it was too remote. Defendant was given ample opportunity to destroy the witness' credibility and introduction of the additional material would have had little, if any, effect. A trial court's discretion as to the scope of cross-examination, unless abused, is final (*People* v. *Fiore*, 12 N Y 2d 188). The court did not abuse its discretion in limiting cross-examination. The testimony of the People's chief witness and the corroborative evidence presented were sufficient to establish the elements of the crime charged. In *People* v. *Walker* (198 N. Y. 329, 334) the court stated: " The plea of not guilty and the presumption of innocence make the credibility of every witness for the People in a criminal action a question of fact for the jury." The jury was entitled to accept the People's proof and its verdict should not be disturbed. Although defendant's counsel made a statement in his behalf at the time of sentencing, the record indicates that the court did not grant defendant an opportunity to be heard before sentencing as required by CPL 380.50. We must remit this matter so that defendant may be resentenced after the sentencing court complies with this section (*People ex rel. Miller* v. *Martin*, 1 N Y 2d 406; *People ex rel. D'Agostino* v. *Murphy*, 20 A D 2d 756). (Appeal from judgment of Erie Supreme Court convicting defendant of bribe receiving.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.