Harold J. Hughes, J.
Defendant has moved for summary judgment dismissing plaintiff’s complaint on the ground that the court has no jurisdiction of the subject matter of the cause of action, and seeks an immediate trial, pursuant to CPLR 3212 (subd [c]), of the issue whether plaintiff has sustained a "significant disfigurement” under section 671 (subd 4, par [a]) of the Insurance Law.
Plaintiff seeks damages for personal injuries sustained in an automobile accident which occurred on June 13, 1974 in the City of Saratoga Springs. The complaint, dated September 26, 1974, alleges, as required by CPLR 3016 (subd [g]), that plaintiff sustained a serious injury as defined in subdivision 4 of section 671 of the Insurance Law. Defendant served an answer denying this and all other material allegations, together with a demand for a bill of particulars specifying in what respects plaintiff sustained serious injury (CPLR 3043, subd [a], par [6]). The bill of particulars alleges that plaintiff has sustained a serious injury as that term is defined in the Insurance Law because he had been disfigured on his left shoulder with "an unsightly, permanent, pink, puckered scar”. *818 The scar is elsewhere described in the bill of particulars as "a 1" x 1" pink, puckered, amorphous shaped scar on the left shoulder.”
Defendant contends that the scar described in the bill of particulars is not a "significant disfigurement” within the meaning of article XVIII of the Insurance Law (§ 670 et seq. entitled Comprehensive Automobile Insurance Reparations Act, commonly known as the no-fault law), with the result that plaintiff has not sustained a serious injury entitling him to maintain this action. Defendant concedes that the question of whether the described scar constitutes a "significant disfigurement” presents a factual issue, and seeks an immediate trial of that issue. Plaintiff asserts that this issue should be determined upon trial of the action.
Section 673 of the Insurance Law provides that a plaintiff injured as the result of negligence in the use or operation of a motor vehicle within this State after February 1, 1974 cannot recover damages for pain and suffering unless he has sustained a "serious injury”. That term is defined in subdivision 4 of section 671 as a personal injury which results in: (1) death; or (2) dismemberment; or (3) significant disfigurement; or (4) compound or comminuted fracture; or (5) permanent loss of a body member, organ, function or system; or (6) medical, dental or hospital expenses in excess of $500.
As noted by Professor David Schwartz (No-Fault Insurance; Litigation of Threshold Questions Under the New York Statute — The Neglected Procedural Dimension, 41 Brooklyn L Rev 37), at least two of the stated criteria are riddled with ambiguity. "When is a disfigurement 'significant’? What must be the length of the scar? Does keloid formation counter-balance the absence of sufficiency in dimension? How many sutures must be inserted? Where must the scar be located? Is a two-inch scar on the forehead 'significant’? Would a similar scar on the back of the hand, or on the leg, be insignificant? Does 'significance’ change in meaning from plaintiff to plaintiff, identical scars to be held insignificant when marring the face of a sixty-five-year-old married woman, and significant when the face thus blemished is that of an unmarried twenty-year old?” (id., P 44).
The no-fault law provides no further guidelines as to the interpretation of the term "serious injury”, nor does it set up any procedure by which it may be determined whether a plaintiff has met that threshold qualification for the mainte *819 nance of an action for common-law damages, including recovery for pain and suffering.
A preanswer motion to dismiss the complaint under CPLR 3211, or a motion for summary judgment following joinder of issue under CPLR 3212, appears to be the most likely vehicles for resolving threshold issues in advance of trial.
Thus, a complaint which fails to comply with CPLR 3016 (subd [g]) in failing to allege that the injuries are "serious” would be subject to a motion to dismiss under CPLR 3211 (subd [a], par 7). A plaintiff met with such a motion would more than likely seek leave to amend the complaint to insert the key word "serious”, in which event the defendant would probably seek to convert the motion from one testing the sufficiency of the pleading into a motion for summary judgment (CPLR 3211, subd [c]). Or, where the complaint is technically sufficient, a defendant seeking a pretrial determination of threshold issues may, following service of an answer and a bill of particulars, move pursuant to CPLR 3212 for summary judgment, as was done here.
Where it can be determined that, as a matter of law, the damage or injury threshold has not been crossed, the complaint would be dismissed for failure to state a cause of action (CPLR 3211, subd [a], par 7).
However, where the pleadings and affidavits presented on the pretrial motion indicate the presence of a real dispute as to whether plaintiff has sustained the requisite injury or special damages, the court is required to exercise its discretion.
The existence of such a bona fide factual dispute would permit the court to deny the motion for summary judgment and direct that the threshold issue be resolved at the trial of the action (CPLR 3212, subd [b]; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05c), probably by a special verdict. This is the course which plaintiff urges be followed here.
Alternatively, CPLR 3212 (subd [c]) (as well as CPLR 3211, subd [c]) empowers the Justice to whom the pretrial motion has been submitted to order an immediate trial of issues of fact "when appropriate for the expeditious disposition of the controversy”. Defendant requests that this court so exercise its discretion in this case, and direct an immediate trial of the issue of whether plaintiff’s scar constitutes a "significant disfigurement”.
*820 Plaintiff alleges that he was a passenger in defendant’s automobile, and sustained his injuries as a result of a one-car collision. He argues that the evidence to establish the existence of a significant disfigurement would be almost identical to the evidence required to establish the cause of action. Plaintiff would be entitled to demand a jury trial of the threshold issue (CPLR 2218; 4101; Ives v South Buffalo Ry. Co., 201 NY 271; Livingston v Blumenthal, 248 App Div 138). Thus, the supposed benefits of directing an immediate trial of the threshold issue may be illusory: no time or effort of either the court or the litigants would be spared by resort to it. Under similar circumstances, the courts have directed that all factual issues be resolved at a plenary trial (Youssoupoff v Columbia Broadcasting System, 19 AD2d 865, 866 [concurring opn of Steuer, J.]; see, also, Hastings v Richard, Ellis & Co., 36 AD2d 695 and cases cited therein).
On the other hand, in most cases a trial of the threshold issues, even by a court and jury, would prove to be more expeditious than a plenary trial, since the jury would not be called upon to pass on issues of liability or contribution. And, a resolution of such threshold issues, even in the present case, would tend to expedite the disposition of the controversy, either by an immediate dismissal, or by promoting settlement or simplifying the issues to be resolved at the plenary trial through clarification of the standards which are to govern any recovery.
More importantly, perhaps, the court recognizes that prolonging a determination of the question of whether the case belongs in no-fault would undoubtedly encourage "wasteful forays into the plenary litigative system” (Schwartz, No-Fault Procedure, 41 Brooklyn L Rev 37, 53, supra). If all a plaintiff need do to secure a full trial of all of the issues arising in an automobile negligence action is allege that his injuries are "serious”, the essential intendment of the statute, reduction of the delays and expense in the litigation of automobile negligence cases, would be effectively frustrated. Conceding that the ultimate legislative purpose of keeping all cases which belong under no-fault out of the courts is incapable of achievement, some pretrial disposition of the threshold issues is required if the statute is to have any effect on calendar congestion and automobile liability insurance rates.
On balance, therefore, this court concludes that where a genuine factual issue is raised on a motion to dismiss or for *821 summary judgment dismissing a complaint in an automobile negligence action on the ground that plaintiff has not sustained the requisite injury or special damages, that issue should be determined by an immediate trial, rather than at a plenary trial.
Accordingly, defendant’s motion, insofar as it seeks an immediate trial of the issue of whether plaintiff has sustained a "significant disfigurement”, is granted, and the motion is transferred to the general calendar of the Supreme Court, County of Saratoga, for the trial of that issue (see 22 NYCRR 862.5). Either party may demand a trial by jury within 10 days after the cause has been placed on the calendar for trial.