Stewart F. Hancock, Jr., J.
The sole question presented by defendants’ motion to dismiss plaintiff’s personal injury action is whether two bills incurred by plaintiff for physical therapy should be included in the computation of the $500 threshold to meet the test of "serious injury” under New York’s no-fault auto insurance law (Insurance Law, § 670 et seq.).[1] If not, *352 plaintiffs common-law negligence action must be dismissed, since his total allowable medical bills would be less than $500, and plaintiff would, by the terms of the statute, be relegated to his first-party benefits (Insurance Law, § 673, subd 1).
"Physical therapy” is not among the categories of services set forth in Insurance Law (§ 671, subd 4, par [b]) as includable in the computation of the $500 threshold. The question is whether it was deliberately excluded. Construing paragraph (b) of subdivision 4 of section 671 in light of its statutory context (see McKinney’s Cons Laws of NY, Book 1, Statutes, §97), particularly paragraph (a) of subdivision 1 of section 671, which defines "basic economic loss,” the conclusion is inescapable that the exclusion of "physical therapy” was deliberate and that such services were not to be impliedly included as "medical” or "hospital” services under paragraph (b) of subdivision 4 of section 671.[2]
Fundamental principles of statutory construction dictate this result. "Physical, therapy” services were expressly included by the Legislature in clause (ii) of paragraph (a) of subdivision 1 of section 671, as a component of "basic economic loss.” Certain other services were listed specifically in clause (i) of paragraph (a). Only those services set forth in clause (i) of paragraph (a) are named in section 671 (subd 4, par [b]) as expenses includable in the computation of the $500 threshold for "serious injury. ” The maxim, "expressio unius est exclusio alterius” could not be more applicable than it is in this instance. See McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1, § 240)[3] and cases cited therein, especially People v Lewis (29 NY2d 923, 924).
The answer to plaintiffs argument that the Legislature intended to exclude only nonmedical or "informal” physiother *353 apy treatment — as distinguished from those prescribed by a physician or rendered in a hospital — is simple. There is no such distinction in the statute. In fact, the language of the statute suggests the opposite, since among the services included in section 671 (subd 1, par [a], cl [ii]) but omitted from paragraph (b) of subdivision 4 is "psychiatric” therapy — treatment which is normally, if not exclusively, rendered as a formal medical service by doctors of medicine duly licensed as psychiatrists. Thus, section 671 (subd 1, par [a], cl [ii]) cannot, as plaintiff suggests, be interpreted as referring merely to "non-medical” services. In this court’s opinion all services in the category listed therein — whether or not rendered by duly licensed physicians or in a hospital — were intended to be included in section 671 (subd 1, par [a], cl [ii]) and, by the same token, excluded from the threshold computation, in view of the Legislature’s failure to name them in paragraph (b) of subdivision 4 of section 671.
This court holds that expenses for physical therapy services are not allowable in computing medical costs under section 671 (subd 4, par [b]).[4] Since plaintiff’s expenses do not meet the $500 threshold for "serious injury,” the statute denies him a cause of action. Motion granted.

. Insurance Law (§ 671, subd 4) defines "serious injury” as follows:
" 'Serious injury’ means a personal injury; (a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system; or
(b) if the reasonable and customary charges for medical, hospital, surgical, nursing, *352 dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.”
Plaintiff does not claim to have suffered a "serious injury” under section 671 (subd 4, par [a]).

. The statute refers to categories of services, not by whom or where rendered. Thus, the fact that plaintiff received physical therapy treatments on an out-patient basis from a hospital does not convert the services from "physical therapy services” to "hospital services” for purposes of computing the $500 threshold.

. "§ 240. Expression of one thing as excluding others.
The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.”

. Support for this holding is found in Comment, New York Adopts No-Fault: A Summary & Analysis (37 Albany L Rev 662, 700): "[T]he definition of 'serious injury’ necessary to meet the $500 threshold [under § 671, subd 4, par (b)] is not the same as the medical and related expenses defined as 'basic economic loss’ [in § 671, subd (1), par. (a)]. Only those medical expenses deñned in the hist category of ’basic economic loss’ * * * [§ 671, subd 1, par (a), cl (i)J are used to satisfy the thresholds.” (Emphasis supplied.)