■ ANDREW COLENZO, Respondent, v STEVEN C. KERNAN, Defendant, and SHIRLEY S. KERNAN, Appellant.—Order unanimously affirmed, with costs. Memorandum: In this action to recover damages for personal injuries suffered by plaintiff in an automobile accident which occurred in the City of Utica on June 26, 1974 defendant moved for summary judgment of dismissal of the complaint upon the ground that under New York's no-fault insurance law, plaintiff has no cause of action against defendant but must resort solely to a claim against his own insurance carrier. This appeal is from the order

denying that motion. Section 673 of the Insurance Law provides that, "1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, *except in the case of a serious injury, or for basic economic loss"* (emphasis added). "Serious injury" is defined in subdivision 4 of section 671 of that law as a personal injury, "(a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; or *permanent loss of use of a body organ, member, function, or system; or,* (b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars" (emphasis added). Paragraph (b) will not support plaintiff's action herein unless his medical and hospital bills exceed the sum of $500. His bill of particulars shows that those bills amount only to $412.35, unless a further bill in the sum of $135 for physical therapy can be included as a medical bill. In defining "basic economic loss" in section 671 (subd 1, par [a], cls [i], [ii]) of the Insurance Law the Legislature differentiated between medical and hospital expenses as used in section 671 (subd 4, par [b]) of that law and physical therapy. Regardless of whether there is a reasonable basis for such a distinction, it must be held that under the statute physical therapy bills are not included in medical and hospital bills *(Goldwire v Youngs,* 82 Misc 2d 351). Thus, plaintiff does not qualify under section 671 (subd 4, par [b]) of the Insurance Law as having a serious injury, so as to come within the exception specified in subdivision 1 of section 673. Plaintiff's argument on this appeal that the statute is unconstitutional insofar as it denies him a right of action against defendant may not be considered by us on this appeal because he did not make the Attorney-General a party to the motion and present that argument at Special Term so that the issue could have been fully considered there *(Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse,* 44 AD2d 198, 202-203, mod on other grounds 35 NY2d 534; Executive Law, § 71; CPLR 1012, subd [b]). Nevertheless, plaintiff's allegation in his complaint, supplemented by his bill of particulars and the affidavit in opposition to the motion, that he has suffered serious permanent injury to his knee brings him expressly within section 671 (subd 4, par [a]) of the Insurance Law and qualifies him prima facie to maintain this action. A question of fact is, therefore, presented in this respect which requires denial of the motion for summary judgment. (Appeal from order of Oneida Special Term in automobile negligence action.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.