Richard W. Wallach, J.
But for the no-fault statute (Insurance Law, § 670 et seq.) this rather routine pedestrian knockdown case would have probably been enfolded in the happy anonymity of a postverdict settlement check, notwithstanding plaintiff’s motion to set aside the verdict as inadequate. As matters now stand, however, the plaintiffs case appears to have wholly slipped through the interstices of the legislative net.
Three months after the effective date of Comprehensive Automobile Insurance Reparations Act as it is formally titled, and on April 1, 1974, plaintiff Robert J. Cole was walking south along Eighth Avenue from 42nd Street to report to his job on the evening shift of the Manhattan General Post Office at 34th Street. At the intersection of Eighth Avenue and 37th Street there was some physical interaction between Mr. Cole and defendant’s taxicab, an event which had either (from the plaintiffs standpoint) grave, or (as appraised by defendant) trivial, consequences for plaintiffs left knee.
This hitherto keen difference of opinion as to the past derangement and future prospects of plaintiffs left knee has been resolved by the jury into a verdict for plaintiff in the sum of $1,500. Unfortunately for plaintiff, however, the jury has done more. They have further found, in a special verdict sought by the court at the request of defendant, that the totality of the reasonable and customary medical expense incurred by plaintiff in the course of treatment for the injury complained of did not exceed the sum of $472. Defendant, indeed, did not dispute this amount, and had paid this sum before trial to plaintiff as "no-fault,” reimbursement. As to medical expenses, the sole issue before the jury was an additional bill in the sum of $200 allegedly due to Dr. Irving *361 Liebman, the orthopedic specialist, who himself testified for plaintiff as to the necessity and propriety of the outstanding $200 charge. In their special verdict, nevertheless, the jury has found that this item of medical expense was either unreasonable, unnecessary or both.
Defendant now moves to vacate the verdict and to dismiss the complaint. Inasmuch as plaintiff has failed to prove a "serious injury” within the statutory definition (Insurance Law, §671, subd 4, pars [a], [b]), the court is constrained to grant the motion. Plaintiff has failed to meet the statutory threshold of $500 (§ 671, subd 4, par [b]) by virtue of the jury’s special finding. The only other conceivable qualification on the proof adduced was permanent loss of use of the knee or its function, and this alternative plaintiff’s own medical witness dismissed as sheer speculation, effectively removing that issue from the jury’s consideration. The jury’s finding does not deprive the court of subject matter jurisdiction to enter the general verdict for plaintiff (Snyder v Laffer, 81 Misc 2d 814; Sullivan v Darling, 81 Misc 2d 817; see, also, Schwartz, "No-Fault Insurance”, 41 Brooklyn L Rev 37); it is rather that the jury’s special verdict creates a complete bar to the recovery of the noneconomic loss (i.e., pain and suffering) which was the gravamen of plaintiff’s damages on the trial.
It is now uncertain whether plaintiff has any surviving claim for "basic economic loss” under the no-fault system (Insurance Law, § 671, subd 1) which might be recoverable as "first party benefits” (under subd 2). Plaintiff testified that he was disabled from working for a period of four weeks, and that his post-office salary loss in the sum of $905, was reimbursed out of sick pay. The jury was permitted, without objection, to consider this as an item of damages under the "collateral source” rule (Carroll v Roman Catholic Diocese of Rockville Centre, 26 AD2d 552, affd 19 NY2d 658). It cannot now be determined what award, if any, the jury made for this item of claim in its general $1,500 verdict. It follows that this dismissal should be without prejudice to any rights plaintiff may have to pursue recovery of this sum through no-fault remedies, although it is only proper to note that any recovery of such economic loss is to be diminished by "amounts recovered or recoverable * * * under federal laws * * * providing * * * workmen’s compensation benefits” (Insurance Law, § 671, subd 2, par [b]). The question of whether plaintiff’s reimbursed "sick pay” is a "workmen’s compensation benefit” *362 within the meaning of the statute must be reserved for another day in another forum.
Accordingly defendant’s motion to vacate the verdict and dismiss the complaint is granted without prejudice to plaintiffs entitlement, if any, to further recovery solely for "basic economic loss”. Plaintiffs motion to set aside the verdict as inadequate and to order a new trial is denied.
The clerk is directed to enter judgment accordingly in favor of defendant.