Edward F. McLaughlin, J.
Defendant, William Decatur, moves for summary judgment dismissing plaintiff’s complaint on the ground that the plaintiff failed to state a cause of action in that plaintiff has neither sustained serious injury as defined in section 671 (subd 4, par [a]) of the Insurance Law, nor incurred medical expenses in excess of $500 under section 671 (subd 4, par [b]).
The first issue is whether the bills presented by the attending physicians qualify to meet the threshold of $500 under section 671 (subd 4, par [b]). The bills consist of $300 for X-rays by Dr. Rubin Lavine and a bill for $395 from Dr. Stanley O. Groman, $35 of which was for the first office call and the balance of $360 being for physical therapy.
Physical and occupational therapy is listed only in section 671 (subd 1, par [a], cl [ii]) under the definition of "basic economic loss” relating to first-party benefits up to $50,000 per person.
It is evident that the Legislature excluded physical therapy treatment in section 671 (subd 4, par [b]) of the Insurance Law, thereby distinguishing the requirements for basic economic loss on a first-party basis as outlined in section 671 (subd 1, par [a]) as opposed to the types of services in paragraph (b) of subdivision 4 which would be required to constitute a serious injury in meeting the threshold by exceeding $500 for eligibility to sue for damages under that paragraph.
Inasmuch as physical therapy is not included within the provisions of section 671 (subd 4, par [b]), it is held under that statute that physical therapy bills are not included in the medical and hospital bills to reach the necessary threshold. (See Colenzo v Kernan, 49 AD2d 809, citing with approval Goldwire v Youngs, 82 Misc 2d 351.)
The second issue to consider is whether a plaintiff would *297 qualify under section 671 (subd 4, par [a]) by virtue of the nature of the injuries which he sustained, i.e., whether there is a permanent loss of a body organ, member, function, or system. In this regard, plaintiff in his complaint at paragraph 6 claims he has sustained a serious injury as defined in section 671 of the Insurance Law. In his bill of particulars in response to question 5 and others as to what injuries are claimed to be permanent, the plaintiff refers to medical reports attached and made a part of the bill of particulars. The medical report of the attending physician, Dr. Stanley A. Groman, states that at the time of his last office visit on February 14, 1975, the plaintiff had made a complete recovery. The X-ray report of Dr. Rubin Lavine, which was appended to the report, shows that all X rays were negative. The amended bill of particulars in paragraph 4 again refers to the report of Dr. Stanley Groman attached to the bill of particulars and in paragraphs 8, 9 and 10 of the amended bill of particulars, plaintiff again refers to the reports of Dr. Groman and Dr. Lavine which were attached and made a part of that bill of particulars. In a separate medical report of Dr. Stanley Groman attached to the moving papers of the defendant as Exhibit F it is again stated that the plaintiff has made a complete recovery.
Under the circumstances, there is nothing in this record to sustain a finding under section 671 (subd 4, par [a]) of the Insurance Law that the plaintiff sustained a loss of use of a body organ, member, function or system and consequently the plaintiff has not shown that he sustained a serious injury within the meaning of section 671 (subd 4, par [a]) of the Insurance Law.
After having reviewed all of the facts and law before the court on this motion, together with the exhibits presented, the court holds that expenses for physical therapy services are not allowable in computing medical expenses under section 671 (subd 4, par [b]) of the Insurance Law and further that the plaintiff does not meet the requirements of section 671 (subd 4, par [a]) since there is no basis in this record to qualify for the category of injuries set forth in that paragraph. The plaintiff, therefore, does not qualify to bring an action for personal injuries as outlined in subdivision 1 of section 671 of the Insurance Law and the motion for summary judgment dismissing the complaint is granted.