SHIRLEY SANDERS, Respondent, v RONALD E. RICKARD, Appellant.

Third Department, March 11, 1976

*Richard T. Horigan* for appellant.

*Lomanto, Lomanto & Jung (Edward S. Lomanto* of counsel), for respondent.

LARKIN, J. The plaintiff, Shirley Sanders, commenced this negligence action to recover money damages for personal injuries allegedly sustained as the result of an accident which occurred on February 25, 1974 when the vehicle she was operating was struck in the rear by a vehicle operated by the defendant, Ronald E. Rickard. Because the accident occurred after February 1, 1974, plaintiff's action is governed by the provisions of the Comprehensive Automobile Insurance Reparations Act, commonly referred to as the no-fault insurance law (Insurance Law, art XVIII).

The complaint alleges, among other things, that plaintiff "was injured permanently, both internally and externally; that she suffered in said accident serious injury as defined in subd. 4 of § 671 of the Insurance Law of the State of New York; and she was required to undergo medical treatment, the reasonable and customary charges for which exceeded the sum of $500.00" (see CPLR 3016, subd [g]). In response to defendant's demand for a bill of particulars, plaintiff listed medical special damages of $610.38 which included $234.81 for physiotherapy at the Amsterdam Memorial Hospital and $30 for a masseur. She also alleged that she had, as the result of the accident "sustained an acute traumatic cervical syndrome and a sprain of her right acromio-clavicular joint * * * (and) bruises and contusions to all parts of her body" and that "[i]t will be alleged that (the) injuries to the shoulder, arm and neck are permanent".

Special Term treated the application as one for summary judgment (CPLR 3211, subd [c]) and ruled that plaintiff had made allegations of "serious injury" in her complaint and bill of particulars which were sufficient under section 671 (subd 4, pars [a] and [b]) of the Insurance Law to raise issues of fact warranting denial of summary judgment. Although we disagree with the conclusion of Special Term that plaintiff's bills for physiotherapy were usable in establishing a "serious injury" under paragraph (b) of subdivision 4 of section 671 of the Insurance Law and that "serious injury" was established

therein, we agree that plaintiff has made a sufficient showing of permanent injury under paragraph (a) of subdivision 4 of section 671 of the Insurance Law to warrant denial of a motion for summary judgment or a dismissal of the complaint.

Section 673 of the Insurance Law provides that "1. Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of serious injury, or for basic economic loss". "Serious injury" is defined in subdivision 4 of section 671 of the Insurance Law as "a personal injury: (a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system; or (b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars".

Physical therapy, or physiotherapy, is not listed among the categories of treatment and services set forth in paragraph (b) of subdivision 4 of section 671 of the Insurance Law as includable in determining whether the $500 threshold has been established. "Physical therapy" is, however, expressly included in Insurance Law section 671 (subd 1, par [a], cl [ii]) as a component of "basic economic loss". The very same categories of treatment and services contained in paragraph (b) of subdivision 4 of section 671 of the Insurance Law, used to determine whether the $500 threshold for serious injury has been met, are listed in Insurance Law section 671 (subd 1, par [a], cl [ii]) as further components of "basic economic loss". The maxim, *"expressio unius est exclusio alterius"* could not be more applicable than it is in this instance. (See McKinney's Cons Laws of NY, Book 1, Statutes, § 240; *Goldwire v Youngs,* 82 Misc 2d 351, 352.) We hold that "physical therapy", even when conducted in a hospital, is not includable as an expense in the computation of the $500 threshold for "serious injury" under the no-fault insurance law (Insurance Law, § 671, subd 4, par [b]; *Colenzo v Kernan,* 49 AD2d 809; *Jackson v Decatur,* 83 Misc 2d 295; *Goldwire v Youngs, supra).* "The answer to * * * [the] argument that the Legislature intended to exclude only nonmedical or 'informal' physiotherapy treatment — as distinguished from those prescribed by a physician or ren-

dered in a hospital — is simple. There is no such distinction in the statute" *(Goldwire v Youngs, supra,* pp 352-353). Accordingly, the plaintiff herein did not set forth expenses for services or treatment and services under paragraph (b) of subdivision 4 of section 671 of the Insurance Law sufficient to establish "serious injury" within subdivision 1 of section 673 of the Insurance Law.

The remaining question is whether plaintiff's claim of permanent injury as set forth in the complaint and amplified in the bill of particulars, constitutes a sufficient demonstration of "serious injury" under paragraph (a) of subdivision 4 of section 671 of the Insurance Law to warrant denying a motion to dismiss the complaint (CPLR 3211) or for summary judgment (CPLR 3212). Other than the listing of the general categories in paragraph (a) of subdivision 4 of section 671 of the Insurance Law, "[t]he no-fault law provides no further guidelines as to the interpretation of the term 'serious injury', nor does it set up any procedure by which it may be determined whether a plaintiff has met that threshold qualification for the maintenance of an action for common-law damages, including recovery for pain and suffering" *(Sullivan v Darling,* 81 Misc 2d 817, 818-819).

We conclude that, assuming that a plaintiff has made sufficient allegations of serious injury under CPLR 3016 (subd [g]) to withstand a motion to dismiss under CPLR 3211 (subd [a]) and that the defense is not established to a sufficient degree to warrant the court as a matter of law to direct judgment in favor of defendant under CPLR 3212 (subd [b]) the resolution of any question of fact as to whether plaintiff has suffered a "serious injury" within paragraph (a) of subdivision 4 of section 671 of the Insurance Law should await the trial *(Snyder v Laffer,* 81 Misc 2d 814; see, also, *Colenzo v Kernan,* 49 AD2d 809, *supra;* contra, *Sullivan v Darling, supra).* An immediate trial of the threshold issues under the no-fault system has been suggested by one court *(Sullivan v Darling, supra).* As pointed out by the court in Snyder, however, "[a]n inquiry, including medical testimony * * * would be costly and time consuming to the court and the litigants. If the plaintiffs prevailed at this stage and were to continue with * * * [the] lawsuit, much of the evidence presented at a preliminary trial would only be repeated again at the trial in chief. By duplicating effort, a preliminary trial would violate [one of] the *raison[s] d'etre* of the 'no-fault' law. This law

intended to reduce, not increase, the volume of automobile negligence litigation" *(Snyder v Laffer, supra,* p 816).

In the instant case the parties rely solely upon the pleadings and attorneys' affidavits. No expert medical testimony is presented. On such a record we see no reason to disturb the conclusion of Special Term that plaintiff's said allegations of permanent injury are sufficient to permit proof of the same on the trial.

If plaintiff fails to establish "serious injury" within the meaning of the no-fault insurance law at the trial, of course, a motion will lie to dismiss the complaint, during or at the conclusion of the trial, or to vacate any verdict in her favor *(Cole v Berkowitz,* 83 Misc 2d 359). The determination of whether plaintiff sustained such "serious injury", as well as any other threshold issue under the no-fault insurance law, shall be submitted to the jury as a question requiring a special finding. (See *Finkle v Zimmerman,* 26 AD2d 179.)

The order should be affirmed, without costs.

KOREMAN, P.J., SWEENEY, KANE and MAHONEY, JJ., concur.

Order affirmed, without costs.