Shanley N. Egeth, J.
The parties to this personal injury action have agreed to submit to the court for resolution as a matter of law, the question as to whether services rendered by a chiropractor, which encompass physiotherapy and diathermy treatments, are properly includable in determining compliance with the threshold requirements of the No-Fault Insurance Law (Insurance Law, § 671, subd 4, par [b]).
If it is determined that such items are includable, it is conceded that the bills are reasonable and necessary, and that plaintiff shall then recover judgment of $2,500 inclusive of interest, costs and disbursements. If the determination is *1010 adverse on the issue, defendant shall have judgment without costs. The right of appeal is reserved on the question of the submitted legal issue, but it is in all other respects waived.
The defendant argues the applicability of the rationale of a number of recent judicial decisions up-State which determined that the no-fault statute must be strictly construed upon the basis of its statutory language, to bar a plaintiff from including nonenumerated physical therapy expenses within the definitional ambit of the "serious injury” threshold provision (§671, subd 4) because said expense is specifically included within the enumerated subject of "economic loss” definition contained in section 671 (subd 1, par [a], cl [ii]). (Sanders v Rickard, 51 AD2d 260; Colenzo v Kernan, 49 AD2d 809; Jackson v Decatur, 83 Misc 2d 295; Goldwire v Youngs, 82 Misc 2d 351.) Defendant further argues that extension of this constructional rationale would also preclude the inclusion of any chiropractic services within the threshold determination of the existence of a serious injury.
This rationale has not been adopted in recent decisions by Judges Zelman and Levy of this court, in which physical therapy expenses have been determined to be includable in the statutory computation of medical threshold to determine the existence of a "serious injury” (Albright v Hook, 85 Misc 2d 403; Agnostakios v Laureano, 85 Misc 2d 203).
This court respectfully identifies with the reasoning of Judges Zelman and Levy, and elects to decide that physical therapy expenses may be considered in determining whether a plaintiff has met the statutory medical threshold requirements of serious injury. This court believes that the restrictive construction of the contrary decisions thwarts rather than advances the statutory purpose of the no-fault legislation. It is further impressed with the argument of Judge Levy in Agnostakios (supra). Particularly compelling is his analysis of the Court of Appeals decision upholding the constitutionality of the no-fault legislation, wherein our highest appellate court articulates a clear and basic distinction between the various provisions of the statute, and in particular between the economic loss and serious injury subdivisions. (Montgomery v Daniels, 38 NY2d 41.) It should be further noted that the rules of the Department of Insurance promulgated in implementation of this statute adopt the nonrestrictive construction, and include physical therapy within the ambit of permissible medical threshold items (11 NYCCR 65.1 [d] [2]).
*1011 Having adopted the position that physical therapy expenses are a permissible item for computation of the required medical threshold of serious injury, the question of including chiropractic expense presents no difficulty whatsoever. Freed from any overly restrictive statutory construction mandating exclusion of all expense items not specifically enumerated in paragraph (b) of subdivision 4, the case for inclusion of reasonable chiropractic charges is most compelling; far more compelling than the inclusion therein of the physical therapy items of expense. Although no reported decision has been found in which chiropractor’s charges are determined to be includable within the computation for the statutory no-fault threshold, this court is aware of the unreported decision of Judge Stein-berg of this court in Vidra v Shoman (NY City Civ Ct, Kings County, Steinberg, J.), which expressly so decided.
Under New York State law, a nondoctor physiotherapist is far more limited in dealing with the public than is the chiropractor (Education Law, §§ 6531, 6551). The therapist may only render treatment under specific direction of a doctor, is barred from independent diagnosis, and closely restricted in exercising discretion. On the other hand, the licensed chiropractor may independently conduct his own examination, make his own diagnosis and prescribe his own course of treatment. In the restricted sphere of his discipline, the chiropractor is afforded functions and prerogatives akin to a practicing physician, and he frequently is consulted by the public to minister for physical conditions as a substitute for a physician. Such services are customarily accepted by the public as medical services and medical treatment, and a great number of people seek and rely upon these services to ameliorate various physical injuries or conditions to the exclusion of other medical assistance.
These services were permissibly supplied prior to the enactment of the no-fault law. Prior to the no-fault statute, injured parties with traumatic complaints received chiropractic services in conjunction with other medical treatment, or as an exclusive means of diagnosing and treating the injury sustained. In recognition of this existing circumstance, the licensed chiropractor was judicially authorized to testify as an expert medical witness in pre-no-fault tort litigation. He was declared competent to testify, in the same form and manner as a physician (but solely within the scope of his chiropractic discipline) as to examination, diagnosis, treatment, prognosis, *1012 causal relationship of the condition and presumably, the fair and reasonable value of his services (Badke v Barnett, 35 AD2d 347, mot for lv to app den 28 NY2d 482).
It would certainly now be anomalous to permit a chiropractor to diagnose and treat, submit his bills and receive compensation therefor as part of basic economic loss, to thereafter testify in court as to the results of his examination and treatment, render an expert opinion as to proximate cause, reasonableness, prognosis, duration of condition, and to then nevertheless hold that the reasonable and customary bills for such services do not fall within the ambit of medical charges includable within the no-fault threshold. This court would find such a statutory interpretation to be strained and unreasonable. It can envision consequences causing people who had previously utilized and benefited from this accepted medical service, to be dissuaded from thereafter so doing for wholly nonmedical reasons, but rather related solely to prospects in no-fault litigation; results which were certainly not intended by the Legislature.
Accordingly, this court holds that the services supplied by a chiropractor are medical services, and the reasonable and customary charges therefor are includable in the threshold defined in the Insurance Law (§ 671, subd 4, par [b]).