■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE INGRAM, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.— Judgment unanimously affirmed for the reasons stated in *Matter of Watkins v Caldwell* (54 AD2d 42). (Appeal from judgment of Cayuga Supreme Court —art 78.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.

■ In the Matter of WALTER A. FLOOK, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously modified by eliminating the bond forfeiture in the amount of $500 and, as so modified, determination confirmed, without costs. Memorandum: The finding of permitting gambling on the premises is supported by substantial evidence. The penalty, however, is too severe in light of all the circumstances. We concur with the two dissenting members of the authority that the penalty of a 10-day suspension without any bond forfeiture is the appropriate punishment. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL FRANCE, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Relator has asserted no reason of practicality or necessity to justify the grant of habeas corpus relief while his appeal from the judgment of conviction is pending *(People ex rel. Keitt v McMann,* 18 NY2d 257). Absent such a showing, dismissal of the writ was proper *(People ex rel. Finney v Follette,* 37 AD2d 575; *People ex rel. Bray v Deegan,* 32 AD2d 940). (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ In the Matter of EDWARD PERES, Appellant, v ENNIS OLGIATI, as Chairman of the New York State Board of Parole, et al., Respondents.— Judgment unanimously affirmed. (See *Matter of Watkins v Caldwell,* 54 AD2d 42.) (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ JUDY GEBLEIN, Appellant, v EDWARD P. ARIDA et al., Respondents. —Order unanimously affirmed, without costs. Memorandum: The expense incurred in physical therapy, which includes the diathermy treatments at issue here, although included in defining "basic economic loss" may not be considered in computing the $500 threshold for a "serious injury" as defined under the Insurance Law regardless of where rendered and by whom inasmuch as the statute refers simply to the reasonable charges for nine separate categories of services necessarily performed for a plaintiff as a result of the injury (Insurance Law, § 671, subd 1, par [a], cls [i], [ii]; § 671, subd 4, par [b]; *Sanders v Rickard,* 51 AD2d 260; see *Colenzo v Kernan,* 49 AD2d 809; *Goldwire v Youngs,* 82 Misc 2d 351). (Appeal from order of Erie County Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.