Richard Aronson, J.
This action was brought by plaintiffs to recover damages for personal injuries incurred by them when the car in which they were riding was struck in the rear by a vehicle owned by the defendant Ware and operated by *711 the defendant Lizardi. Defendants move pursuant to CPLR 3211 to dismiss the complaint upon the ground that neither of the plaintiffs sustained a serious injury as defined in section 671 (subd 4, pars [a], [b]) of the Insurance Law of the State of New York and, therefore, they have no cause of action against the defendants.
The plaintiffs seek money damages for noneconomic loss and allege that they each have suffered "serious injury” as defined in subdivision 4 of section 671 of the Insurance Law, as follows:
"4. 'Serious injury’ means a personal injury:
"(a) which results in death; dismemberment; significant disfigurement; a compound or comminuted fracture; or permanent loss of use of a body organ, member, function, or system; or
"(b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars”.
In an effort to substantiate medical expenses exceeding the $500 threshold fixed in the statute, Willard C. Weaver alleges that he has incurred a bill for 69 chiropractic treatments in the amount of $627, and the plaintiff, Marion S. Weaver, alleges she incurred a bill for 65 chiropractic treatments in the amount of $570. On the date of the accident, February 1, 1974, Mr. Weaver was 67 years of age and Mrs. Weaver was 62.
In support of their contention that neither of the plaintiffs sustained a serious injury, the defendants make reference to the bill of particulars in which the plaintiff, Willard C. Weaver, states that "(a) though no permancy is anticipated plaintiff is still suffering with said condition”, and the plaintiff wife states "Plaintiff is still suffering with said injuries and the condition may be permanent”. Defendants argue that both of these statements are merely conclusory and neither establishes any permanent injury.
The defendants have also submitted the reports of its examining physician who states that the plaintiff, Marion Weaver, was examined on June 27, 1974, at which time she admitted to decided improvement but claimed that her neck and back occasionally act up. No permanency was found by the doctor. He further states that plaintiff, Willard Weaver, who had *712 retired prior to the accident was examined on October 15, 1976, or about two and one-half years after the accident. The doctor found that he had fully convalesced from the injuries he received to his neck and back.
Neither of the plaintiffs has submitted any report of the chiropractor which describes the nature or extent of his patient’s injuries.
In support of their positions that each plaintiff has a cause of action against the defendants, each plaintiff urges that he or she is entitled to include the charges incurred for chiropractic services in reaching the threshold figure defined in section 671 (subd 4, par [b]) of the Insurance Law and since each case exceeds $500, each plaintiff has sustained a serious injury.
Although plaintiffs have cited some decisional law to the effect that chiropractic treatment is medical expense under section 671 (subd 4, par [b]), such services are not specified in that subdivision as being one of the services considered in establishing the necessary threshold of $500. Therefore, I would adopt the rationale of Goldwire v Youngs (82 Misc 2d 351), and accordingly find that since chiropractic expenses are not included as "medical” or "hospital services” under section 671 (subd 4, par [b]) of the Insurance Law, neither of the plaintiffs is entitled to include such expenses in the computation of the $500 threshold for "serious injury”. Until the Legislature sees fit to include such services in the threshold, they should be excluded.
Turning now to the other aspect of the defendants’ motion for summary judgment which involves the question of whether either of the plaintiffs sustained a serious injury within the meaning of section 671 (subd 4, par [a]) of the Insurance Law, on such a motion issue-finding, rather than issue-determination, is the key to the procedure (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). In order to defeat the defendants’ motion it is not enough for the plaintiffs to deny the defendants’ presentation. They must state their version and do so in evidentiary form. Bald, conclusory assertions, even if believable, are not enough. Here, when we consider that the plaintiffs have offered no medical or chiropractic proof that their injuries are serious and fall within the purview of section 671 (subd 4, par [a]) of the Insurance Law, whereas the defendants have submitted reports of the examinations performed by their doctor which *713 totally negate the conclusory statements contained in the bill of particulars, I find that no question of fact exists since neither of the plaintiffs sustained a serious injury within the meaning of the statute. For the foregoing reasons, the defendants’ motion for summary judgment dismissing the complaint is granted.