OPINION OF THE COURT
Robert H. Wagner, J.
This is a motion brought by the defendants for an order *33 dismissing plaintiff’s complaint and granting summary judgment in their favor.
The plaintiff’s action is brought under the so-called no-fault law, article XVIII of the Insurance Law.
Under subdivision 1 of section 673 of the statute: "there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
The plaintiff is suing for noneconomic loss and, therefore, is precluded unless he can show "serious injury”. So much of subdivision 4 of section 671 as is appropriate, defines "serious injury” to mean a personal injury, "(b) if the reasonable and customary charges for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services necessarily performed as a result of the injury would exceed five hundred dollars.”
The plaintiff in his bill of particulars has indicated medical expenses of only $150 unless he is able to include further expenses of $1,893.50 for chiropractic treatments. It is the plaintiff’s contention that the cost of chiropractic services is properly includable within the statutory term, "medical expenses”. The defendant urges that the statute be construed strictly to exclude such amounts. Without the inclusion in this case, the plaintiffs cause of action must fail.
Construction of section 671 has proved troublesome to the practicing bar and there are not yet many definitive decisions by appellate courts. Two civil courts in the City of New York have ruled that the reasonable expenses of chiropractic services are properly includable as medical expenses. (Santiago v Harris, 88 Misc 2d 1009; Vidra v Shoman, NY City Civ Ct, Kings County, Dec. 15, 1975, Steinberg, J.) One of these courts indicated that it is for the jury to determine what amount of the total claimed for the cost of chiropractic services is reasonable as a "medical expense”. (Vidra v Shoman, supra.) No ruling by a court of higher jurisdiction has been found.
A similar problem in statutory construction was raised in a series of cases in which the cost of physical therapy was claimed as a medical expense. (Sanders v Rickard, 51 AD2d 260; Colenzo v Kernan, 49 AD2d 809; Goldwire v Youngs, 82 Misc 2d 351.) In each of these cases the courts have taken the position that physical therapy expenses are not includable as medical expenses. In Sanders v Rickard (supra, pp 262-263), the Appellate Division, Third Department, expressed the rule *34 to be followed in the statutory construction of section 671 (subd 4, par [b]) as follows: "The maxim, 'expressio unius est exclusio alterius’ could not be more applicable than it is in this instance. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 240; Goldwire v Youngs, 82 Misc 2d 351, 352.) We hold that 'physical therapy’, even when conducted in a hospital, is not includable as an expense in the computation of the $500 threshold for 'serious injury’ under the no-fault insurance law (Insurance Law, § 671, subd 4, par [b]; Colenzo v Kernan, 49 AD 2d 809; Jackson v Decatur, 83 Misc 2d 295; Goldwire v Youngs, supra). 'The answer to * * * [the] argument that the Legislature intended to exclude only nonmedical or "informal” physiotherapy treatment — as distinguished from those prescribed by a physician or rendered in a hospital —is simple. There is no such distinction in the statute’ (Goldwire v Youngs, supra, pp 352-353).” The court in the Sanders case pointed out that although the term, physical therapy, was not included in section 671 (subd 4, par [b]), it was expressly included in section 671 (subd 1, par [a], cl [ii]) as a component of basic economic loss and its omission from section 671 (subd 4, par [b]) was not legislative oversight.
Likewise, it should be noted that chiropractice services would be includable as a component of basic economic loss which provides for "(a) all reasonable and necessary expenses incurred for * * * (iv) any other professional health services” (Insurance Law, § 671, subd 1, par [a], cl [iv]) and so although not specifically denominated, was not omitted from the statutory scheme.
There has long been a distinction in practice and in law in this State between medical services and chiropractic services. (Chiropractic Assn. of N. Y. v Hilleboe, 12 NY2d 109; see Education Law, art 131 — Medicine; art 132 — Chiropractic.)
Under the reasoning of the Sanders case it is the holding of this court that the cost of treatment by a chiropractor may not be included as an item of medical expense necessary to reach the $500 threshold required by section 671 (subd 4, par [b]). The statute makes no mention of chiropractic services, expressly using the term, "medical services” which has a well recognized and defined meaning in law and in common usage.
The complaint should be dismissed for its failure to state a cause of action. There being no issue of fact in dispute, the defendant’s motion for summary judgment should be granted.