■ GEORGE P. SCIARRINO, Respondent, v CLARA M. AMBRUS et al., Appellants.—Order unanimously reversed, without costs, and motion granted. Memorandum: The expenses of diathermy treatment may not be considered in computing the $500 threshold requirement for a "serious injury" under section 671 (subd 4, par [b]) of the Insurance Law (Geblein v Arida, 55 AD2d 1048; Sanders v Rickard, 51 AD2d 260; see Colenzo v Kernan, 49 AD2d 809). " 'Serious Injury' " is defined, under paragraph (a) of subdivision 4 of the same section as a personal injury which results, inter alia, in a "permanent loss of use of a body organ, member, function, or system". The sprains and contusions suffered by plaintiff-respondent, however, as evidenced by his own doctor's reports contained in the record do not establish any "permanent" loss. (Appeal from order of Erie Supreme Court —partial summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON JACKSON, Appellant.—Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Erie County Court for resentencing, and otherwise judgment affirmed. Memorandum: While at the time of the imposition of the sentence, the court did offer defendant's counsel an opportunity to make a statement, which he did, no similar opportunity was offered to defendant as required by CPL 380.50. Although literal compliance with that statute is not necessary (see People v McClain, 35 NY2d 483), the complete failure here to advise defendant of his right to speak necessitates a finding that the statute was not even substantially complied with (People v Wade, 49 AD2d 770; People v Rizzo, 41 AD2d 691). (Appeal from judgment of Erie County Court—robbery, second degree.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.

■ KEVIN SHANKS, an Infant, by JOHN SHANKS, His Father and Natural Guardian, et al., Appellants, v ONEITA KNITTING MILLS, Respondent. (And a Third-Party Action.) (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: This action seeks to recover damages sustained by the plaintiffs when a T-Shirt allegedly purchased at defendant K Mart's store burst into flames while the infant plaintiff was wearing it. Summary judgment was properly granted in favor of defendant Diener because there was no evidence that Diener had manufactured the shirt in question or supplied it to K Mart. Special Term also properly denied summary judgment against defendant Oneita because there exists a question of fact as to whether Oneita manufactured the shirt sold to plaintiff. Further, we find no error in the court's refusal to limit the factual issues for trial, as requested by defendant K Mart, by determining that the shirts generally sold by K Mart at the time of plaintiff's purchase were supplied exclusively by defendant Oneita (see CPLR 3212, subd [g]). That information is exclusively within the knowledge of K Mart and should be a matter of proof at trial. (Appeal from order of Erie Supreme Court—partial summary judgment.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.