■ BENNY L. COLONA et al., Respondents, v FREDERICK NORWOOD et al., Appellants. (Action No. 1.) (And a Second Action.) — In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County, dated February 15, 1980, which denied their motion for summary judgment dismissing the complaint (in Action No. 1), upon the ground that no triable issue of fact is presented by the plaintiffs as to the existence of serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. The injured plaintiff alleges that the lumbosacral strain which he sustained in the accident of March 24, 1978 constituted "permanent'consequential limitation of use of a body, organ or member,' or at least, a 'significant limitation of the use of bodily *[sic]* function or system,' or at the very least, 'a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially *all* of the material acts which constitute such persons usual and customary daily activities for not less than 90 *[sic]* days during the 180 *[sic]* days immediately following the occurrence of the injury or impairment,' " within the meaning of subdivision 4 of section 671 of the Insurance Law. These allegations are unsubstantiated conclusory assertions not supported by any medical proof and fail to establish a genuine issue of fact. The medical report of the injured plaintiff's treating physician, dated October 28, 1978, submitted by the defendants on this motion, in which the physician stated that "the patient recovered completely from his injury and was discharged on June 5, 1978", stands wholly unrefuted. (See *Simone v Streeben,* 56 AD2d 237; *Jackson v Decatur,* 83 Misc 2d 295; *Weaver v Ware,* 89 Misc 2d 710.) Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.