OPINION OF THE COURT
Nicholas A. Clemente, J.
By oral order- of this court this action has been set down for a hearing to determine whether plaintiffs have suffered serious injuries as defined by subdivision 4 of section 671 of the Insurance Law. Such hearing, was ordered because plaintiff on his application for a preference as explained infra presented evidence of injuries which can only be described as minor.
Plaintiff objects to the proceeding on the ground that it is in the nature of a motion for summary judgment and that defendant did not move in writing or otherwise for the relief granted. Thus plaintiff contends the court is without authority to hold a hearing. In my view the plaintiff has misconstrued the issues and proceedings herein.
The instant case came before me in Special Term, Part VIII-A. The Justice presiding in said part is charged, pursuant to rule 752.21 of the Kings County Supreme Court Rules (22 NYCRR; cf. Rules of App Div, 2d Dept, parts 674, 675 [22 NYCRR]), inter alla, with effectuating such rule which provides:
*921 “752.21 Mandatory pretrial hearings.
“(a) In all actions for personal injury or wrongful death a pretrial hearing shall be conducted prior to placing the action on the general calendar.
“(b) Sixty days after joinder of issue, the plaintiff shall serve a notice of precalendar hearing to be held in special term, part VIII-A * * *
“(c) At the conclusion of the hearing the court will make an order embodying the directions of the court * * *
“(d) The matters to be considered shall include the following * * *
“(2) whether the action is to be given a general preference * * *
“(4) arranging simplification and limitation of the issues whenever appropriate.”
A plaintiff institutes these proceedings by notice to his adversary in the following form:
“Mr. Paul T. Garbarini
“Calendar Clerk
“I hereby request that the above entitled action be set down for a pre-calendar hearing to be held at Special Term Part VIII.”
Thus, the case comes before the court on the written request of the plaintiff for a hearing. The guidelines used by the court at such hearing are as follows:
(1) There is an in camera inspection of the bill of particulars. If, as in 90% of the actions, there is a patent serious injury then a general preference is immediately granted which is conditioned upon compliance with promised disclosure procedures.
(2) On the call of the calendar the attorneys for those cases determined to be not obviously entitled to a preference are given an opportunity to present further medical evidence and other documentary proof to substantiate their entitlement to a general preference.
(3) Where, after presentation of further documentation which is found to be insufficient, or where there is no further presentation, the court affords the plaintiff, in *922 actions involving motor vehicles, a further opportunity to present evidence at a hearing set down at a future date.
The court has thus instituted procedures to afford litigants every opportunity to support their positions.
What becomes apparent, of course, in determining whether a general preference should be granted is that there are some cases, as the one at bar may be, where there has been no serious injury and that under Licari v Elliot (57 NY2d 230) plaintiff acted without justification in commencing his lawsuit.
Thus the court has in effect determined that in considering the question of a general preference it should also consider whether there is a case at all.
Such an approach seems mandated by Licari (supra, p 237), where the court stated:. “The result of requiring a jury trial where the injury is clearly a minor one would perpetuate a system of unnecessary litigation. ‘[I]f the procedural system cannot find a way to keep cases that belong in no-fault out of the courthouse, the system is not going to work/ ”
This proposition is particularly pertinent in Kings County where approximately 11,000 civil cases come into this court each year and the Ready Calendar is 18 terms behind.
To allow a case where in all likelihood there has been no serious injury to proceed to full trial is to frustrate the very purpose of no-fault as expounded in Licari (supra).
Thus in actions such as this one, where on the papers presented at the precalendar hearing it is questionable whether plaintiff is entitled to a general preference and did suffer a serious injury, it seems appropriate to permit and require plaintiff to come forward with evidence to show serious injury (cf. Hezekiah v Williams, 81 AD2d 261; Ayala v Reyes, 66 AD2d 790; Simone v Streeben, 56 AD2d 237; Sanders v Rickard, 51 AD2d 260; Daviero v Johnson, 110 Misc 2d 381, affd 88 AD2d 732; Sullivan v Darling, 81 Misc 2d 817) and establish the right to a general preference.
The plaintiff concedes that Special Term, Part VIII-A, may address the issue of a general preference and further *923 concedes that the court may address the issue of serious injury. He maintains, however, that the latter must be done upon a written, separate motion in a different Special Term. In my view that position is a stultifying restriction upon the power of the court to prevent duplication of effort.
Accordingly, since the plaintiff has requested a hearing on the question of a general preference and a limitation of the issues and the court is unable to make a determination based upon the papers submitted, a continued hearing is ordered to ascertain whether plaintiff is entitled to a general preference and whether or not there is a serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law.